STEPHEN L. BERRY (SB# 101576)
stephenberry@paulhastings.com
PAUL, HASTINGS, JANOFSKY & WALKER LLP
695 Town Center Drive
Seventeenth Floor
Costa Mesa, CA 92626-1924
Telephone: (714) 683-6200
Facsimile: (714) 979-1921

JAN E. EAKINS (SB# 100612)
janeakins@paulhastings.com
PAUL, HASTINGS, JANOFKSY & WALKER LLP
515 S. Flower Street, 25the Floor
Los Angeles, CA 90071
Telephone: (213) 683-6000
Facsimile: (213) 996-3356

Attorneys for Defendant
GMRI, INC. dba OLIVE GARDEN, sued
erroneously as Darden Capital Corporation

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| DENISE ALBERTO, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　　vs.<br><br>DARDEN CAPITAL CORPORATION, a Delaware Corporation, dba OLIVE GARDEN, and DOES 1 through 100, inclusive,<br><br>　　　　　Defendants. | CASE NO.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446; DECLARATION OF MELISSA S. INGALSBE IN SUPPORT THEREOF** |

NOTICE OF REMOVAL OF CIVIL ACTION

1  TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT

2  COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, PLAINTIFF

3  DENISE ALBERTO AND TO HER ATTORNEYS OF RECORD, WESTRUP

4  KLICK, LLP, R. DUANE WESTRUP AND PHILLIP R. POLINER:

5

6        PLEASE TAKE NOTICE that Defendant GMRI, Inc. dba Olive

7  Garden ("GMRI" or "Defendant"), sued erroneously as Darden Capital Corporation

8  ("Darden Capital"), hereby removes this action from the Superior Court of the State

9  California for the County of Solano to the United States District Court for the

10 Eastern District of California, Sacramento Division, pursuant to 28 U.S.C. Sections

11 1332 (as amended by the Class Action Fairness Act of 2005, Pub. L. 109-2, § 4(a)

12 ("CAFA")) and 1441(a) and (b), for the following reasons:

13

14        1.    On or about August 3, 2007, plaintiff Denise Alberto

15 ("Plaintiff") filed her class action complaint in the Superior Court of the State of

16 California for the County of Solano entitled:  *Denise Alberto, individually and on

17 behalf of all others similarly situated, Plaintiffs v. Darden Capital Corporation, a

18 Delaware Corporation, dba Olive Garden and Does 1 through 100, inclusive,

19 Defendants,*" designated as Case No. FCS030002 ("Complaint").  The Complaint

20 alleges the following four purported causes of action against Darden Capital

21 erroneously asserted to be doing business as Olive Garden:  (1) failure to pay

22 reporting time pay in violation of Section 5 of Wage Order No. 5-2001; (2) failure

23 to pay the legal minimum wage in violation of California Labor Code Section

24 1194(a); (3) failure to provide accurate itemized statements in violation of

25 California Labor Code Section 226; and (4) unlawful, unfair and fraudulent

26 business practices in violation of California Business and Professions Code Section

27 17200.

28

1      2.     A copy of the Summons and Complaint was served on Darden

2   Capital by delivery to its agent for service of process on August 13, 2007. *See*

3   Declaration of Melissa Ingalsbe ¶ 3 ("Ingalsbe Decl."), Exhibit "A" attached hereto,

4   and Exhibit 1, thereto.  The Summons and Complaint, attached hereto as Exhibit

5   "B," is the initial and only pleading that was served upon Darden Capital setting

6   forth the claims for relief upon which this action is based and may be removed.

7   GMRI was not been named or served in this action.  Ingalsbe Decl. ¶¶ 2-3.

8

9      3.     On September 11, 2007, the parties entered into a Stipulation, a

10   conformed copy of which is attached as Exhibit "C," to substitute GMRI as the

11   proper defendant in place and instead of Darden Capital and to dismiss Darden

12   Capital without prejudice.  As part of this Stipulation, GMRI agreed to accept

13   service of the complaint effective as of the date that Darden Capital was served.

14   Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. Section

15   1446(b).

16

17      4.     The Summons and Complaint, attached as Exhibit "B," and the

18   Stipulation Re Substitution of GMRI, Inc. in place and instead of Darden Capital

19   Corporation and Dismissal of Darden Capital Corporation, attached as Exhibit "C,"

20   constitute all process, pleadings and orders served in this action pursuant to 28

21   U.S.C. Section 1446(a).

22

23      5.     In accordance with 28 U.S.C. Section 1446(d), the undersigned

24   counsel certifies that a copy of this Notice of Removal and all supporting papers

25   will be promptly served on Plaintiff's counsel and filed with the Clerk of the Solano

26   County Superior Court.  True and correct copies of the form of such notices are

27   attached hereto as Exhibits D and E.  Therefore, all procedural requirements under

28   28 U.S.C. Section 1446 have been satisfied.

6.      Venue is proper in this District pursuant to 28 U.S.C. Section 1441(a) because the Superior Court where the removed case was pending is located within this District.

## REMOVAL BASED ON DIVERSITY AND/OR CLASS ACTION FAIRNESS ACT OF 2005 (28 U.S.C. §§ 1332(a) and/or (d))

7.      The Complaint is pleaded as a putative class action by which Plaintiff seeks to represent all non-management employees employed at Olive Garden restaurants in California.  Complaint ¶ 11.

8.      Plaintiff erroneously sued Darden Capital, dba Olive Garden, which does not do business as Olive Garden in California or any other state.  GMRI does business as Olive Garden and employs all the persons who work at Olive Garden restaurants in California.  Ingalsbe Decl. ¶ 2.

9.      Defendant estimates that there are now and there were at any time during the liability period more than 7,000 putative class members employed by GMRI at Olive Garden restaurants in California.  Ingalsbe Decl. ¶ 5.

10.      GMRI may properly remove the Complaint on the basis of diversity of citizenship jurisdiction pursuant to 28 U.S.C. Section 1332(a) and/or 28 U.S.C. Section 1332(d)(2), because:

(a)      Plaintiff is now, and was at the time this action was commenced, a citizen of the State of California within the meaning of 28 U.S.C.

1   Section 1332(a), because her place of residence and domicile is and was within the

2   State of California.  Complaint ¶ 10, Ingalsbe Decl. ¶ 9;

3

4          (b)    GMRI is now, and was at the time this action was

5   commenced, a citizen of the State of Florida within the meaning of 28 U.S.C.

6   Section 1332(c)(1), because it is now and was at all material times incorporated

7   under the laws of the State of Florida, and maintains, and at all material times

8   maintained, its principal place of business in the State of Florida.  Ingalsbe Decl. ¶

9   4.  GMRI's corporate headquarters, including all administrative functions, is

10  located in Florida.  *Id.*  Although GMRI owns and operates approximately 100

11  Olive Garden and Red Lobster restaurants in the State of California, over ninety

12  percent of the restaurants owned and operated by GMRI are located outside the

13  State of California.  *Id.*

14

15         (c)    The presence of doe defendants has no bearing on

16  diversity with respect to removal.  *See* 28 U.S.C. § 1441(a) ("For purposes of

17  removal under this Chapter, the citizenship of defendants sued under a fictitious

18  name shall be disregarded.");

19

20         (d)    Without admitting that Plaintiff and/or the purported class

21  could recover any damages, the amount in controversy in this action for which

22  Plaintiff asserts a maximum four year liability period exceeds $5,000,000, exclusive

23  of interest and costs, on the following grounds:

24

25         (i)    Among other monetary relief, Plaintiff seeks

26  penalties pursuant to California Labor Code section 226(e) in the amount of $50 for

27  each initial violation and $100 for each subsequent pay period violation, not to

28  exceed an aggregate penalty of four thousand dollars ($4,000), for each of the more

1   than 7,000 putative class members for the alleged one year liability period.

2   Complaint ¶ 43; Ingalsbe Decl. ¶ 5.  The amount of these alleged penalties exceeds

3   five million dollars (7,000 employees x $4,000 › $5,000,000).  Ingalsbe Decl. ¶¶ 5-

4   6;

5

6                    (ii)     In addition, Plaintiff's Complaint seeks an

7   unspecified amount of compensatory damages, waiting time penalties under Labor

8   Code Section 203, attorneys' fees, and punitive damages in connection with the

9   other causes of action set forth in their Complaint.  Complaint ¶¶ 27-30, 35-39, 43-

10  44, 48-49, and Prayer for Relief.  Plaintiff's failure to specify in her Complaint the

11  amount of damages she seeks does not deprive this Court of jurisdiction.  *See, e.g.,*

12  *White v. J.C. Penney Life Ins. Co.*, 861 F. Supp. 25, 26 (S.D. W.Va. 1994)

13  (defendant may remove a suit to federal court notwithstanding the failure of

14  plaintiff to plead a specific dollar amount in controversy; if the rules were

15  otherwise, "any plaintiff could avoid removal simply by declining . . . to place a

16  specific dollar value upon its claim.").  Further, in determining whether a complaint

17  meets the amount in controversy threshold for a removal under 28 U.S.C.

18  § 1332(a), a court may consider the aggregate value of claims for compensatory,

19  punitive damages, statutory penalties and attorneys' fees.  *See, e.g., Bell v.*

20  *Preferred Life Ass. Soc'y*, 320 U.S. 238, 240, 64 S. Ct. 5 (1943) ("Where both

21  actual and punitive damages are recoverable under a complaint, each must be

22  considered to the extent claimed in determining jurisdictional amount") (footnote

23  omitted); *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir.), *cert. denied,*

24  459 U.S. 945 (1982) (attorneys' fees may be taken into account to determine

25  jurisdictional amount); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004,

26  1009 (N.D. Cal. 2002) (penalties under California's Song-Beverly Consumer

27  Warranty Act may be counted in determining the amount in controversy); *Clark v.*

28  *Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1168 (6th Cir. 1975) ("It is settled that

1  the statutory penalty and a statutory attorney's fee can be considered in determining

2  whether the jurisdictional amount is met.").

3

4      11.   The Court may not decline to exercise jurisdiction over the

5  action pursuant to 28 U.S.C. §§ 1332(d)(3), because GMRI is not a citizen of the

6  state in which the action was filed.  Ingalsbe Decl. ¶ 4.

7

8      WHEREFORE, GMRI removes the above-entitled action now pending

9  in the Superior Court of the State of California for the County of Solano to this

10 Court.

11

12 Dated: September 12, 2007   PAUL, HASTINGS, JANOFSKY & WALKER LLP

13

   By:_____/s/ Jan E. Eakins_____

14                      JAN E. EAKINS
                     Attorneys for Defendant
15                   GMRI, INC. dba OLIVE GARDEN, sued
                     erroneously as Darden Capital Corporation

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "A"

1  STEPHEN L. BERRY (SB# 101576)
   stephenberry@paulhastings.com
2  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   695 Town Center Drive
3  Seventeenth Floor
   Costa Mesa, CA 92626-1924
4  Telephone: (714) 683-6200
   Facsimile: (714) 979-1921
5
   JAN E. EAKINS (SB# 100612)
6  janeakins@paulhastings.com
   PAUL, HASTINGS, JANOFKSY & WALKER LLP
7  515 S. Flower Street, 25the Floor
   Los Angeles, CA 90071
8  Telephone: (213) 683-6000
   Facsimile: (213) 996-3356
9
   Attorneys for Defendants
10 GMRI, INC. dba OLIVE GARDEN, sued
   erroneously as Darden Capital Corporation
11
                UNITED STATES DISTRICT COURT
12
     EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION
13

14

15

16 DENISE ALBERTO, individually and      CASE NO.
   on behalf of all others similarly
17 situated,                             **DECLARATION OF MELISSA S.
                                         INGALSBE IN SUPPORT OF
18              Plaintiffs,              NOTICE OF REMOVAL**

19        vs.

20 DARDEN CAPITAL
   CORPORATION, a Delaware
21 Corporation, dba OLIVE GARDEN,
   and DOES 1 through 100, inclusive,
22
                Defendants.
23

24

25

26

27

28

LEGAL_US_W # 56858814.3                  DECL. OF MELISSA S. INGALSBE IN
                                         SUPPORT OF NOTICE OF REMOVAL

EXHIBIT A
PAGE 4

# DECLARATION OF MELISSA S. INGALSBE

I, Melissa S. Ingalsbe, declare:

1.     I currently am the Director, Dispute Resolution, for Darden Restaurants, Inc. ("Darden").  Darden is the parent corporation of its wholly owned subsidiary, GMRI, Inc. ("GMRI"), which does business under the trade name of Olive Garden, and Darden Capital Corporation ("Darden Capital").  As part of my job duties, I have access to business records, data and/or other information relating to Darden's wholly owned subsidiaries, including GMRI and Darden Capital.  I have personal knowledge of the facts stated in this declaration based on my review of these business records, data and/or other information provided to me, and if called upon to do so, I could and would competently testify to them.  I submit this declaration in support of the Defendants' Notice of Removal of Civil Action.

2.     At all material times, GMRI was the employer of former employee and named plaintiff Denise Alberto ("Plaintiff") and currently employs and at all material times employed the non-management employees who work in Olive Garden restaurants in California and are alleged in Plaintiff's complaint to be putative class members ("Putative Class Members").  Although the proper defendant in this action, GMRI has not been named or served.

3.     Darden Capital was first served with a copy of the Complaint in this action by delivery of the Complaint to its agent for service of process on August 13, 2007.  A true and correct copy of the service of process notice to Darden Capital from its agent for service of process is attached hereto as Exhibit 1. A true and correct copy of the Summons and Complaint served on Darden Capital in this action is attached to the Notice of Removal as Exhibit "B."  This Summons

1   and Complaint is the initial and only pleading served on Darden Capital in

2   connection with this action.

4        4.     GMRI is now and was at this time this action was filed

5   incorporated under the laws of the State of Florida.  GMRI maintains and at the

6   time this action was filed maintained its principal place of business in the State of

7   Florida.  GMRI's corporate headquarters, including all administrative functions, is

8   located in Florida.  GMRI is in the business of operating restaurants, including

9   Olive Garden and Red Lobster restaurants located within California and throughout

10   the United States as well as Smokey Bones and Bahama Breeze restaurants located

11   only in states outside of California.  GMRI currently owns and operates

12   approximately 100 Olive Garden and Red Lobster restaurants in the State of

13   California or less than ten percent out of a total of over 1000 restaurants that it

14   currently owns and operates throughout the United States.

16        5.     GMRI records establish that (a) during the one-year period from

17   January 1, 2006 through December 31, 2006, GMRI owned and operated

18   approximately 56 Olive Garden restaurants in California; (b) at any time during the

19   same one-year period, each Olive Garden restaurant employed an approximate

20   average of 128 Putative Class Members; and (c) as a result, the number of Putative

21   Class Members employed at any time during the one-year period from January 1,

22   2006 through December 31, 2006 can be reasonably estimated to include more than

23   7,000 GMRI employees.

24        6.     GMRI records further establish that during the year January 1,

25   2007 to the present:  (a) GMRI owned and operated approximately 56 Olive Garden

26   restaurants in California at the beginning of 2007 and that two new Olive Garden

27   restaurants were opened in California in or about April 2007; and (b) the average

number of Putative Class Members employed at these restaurants was not substantially different than those employed by GMRI in 2006.

7.     GMRI records also demonstrate that during the calendar years 2003 through 2005, GMRI owned and operated approximately the same number of Olive Garden restaurants in California as in 2006 and the average number of Putative Class Members employed at these restaurants was not substantially different than those employed by GMRI in 2006.

8.     During all relevant timeframes, GMRI paid all Putative Class Members weekly, based on a seven-day pay period.

9.     The personnel records of GMRI indicate that Plaintiff Denise Alberto was a resident of California at all material times during her employment with Olive Garden and at the time of her termination.

I declare under penalty of perjury of the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on September __//__ , 2007, at Orlando, Florida.


MELISSA S. INGALSBE

EXHIBIT A
PAGE 10

DECL.  OF MELISSA S. INGALSBE IN
SUPPORT OF NOTICE OF REMOVAL

# EXHIBIT "1"

# Corporate Creations®

Registered Agent · Director · Incorporation Services
11380 Prosperity Farms Road #221E
Palm Beach Gardens  FL  33410

Tel  (561) 694-8107
Fax  (561) 694-1639

August 14, 2007

Darden Capital Corporation

Jeannine  Wysokowski  Executive Secretary
Darden Restaurants, Inc.
5900 Lake Ellenor Drive
ORLANDO  FL  32809

# SERVICE OF PROCESS NOTICE

The following is a summary of the enclosed legal document(s) that we received.

| | | |
|---|---|---|
| 1. | Client Entity: | Darden Capital Corporation |
| 2. | Title of Action: | Denise Alberto v. Darden Capital Corporation, et al |
| 3. | Document(s) Served: | Summons and Complaint for Failure to Pay Wages Owing, Failure to Provide Accurate Itemized Statements, and For Unfair Business Practice |
| 4. | Court/Agency: | Solano County Superior Court |
| 5. | State Served: | California |
| 6. | Case Number: | FCSS030002 |
| 7. | Lawsuit Type: | Garnishment |
| 8. | Amount Claimed: | ALERT: See enclosed document for specific amount. |
| 9. | Method of Service: | Hand Delivered |
| 10. | Date Received: | 8/13/2007 |
| 11. | Date to Client: | 8/14/2007 |
| 12. | # Days When Answer Due:  30<br>Answer Due Date:  09/12/07 | **CAUTION**: Client is solely responsible for reviewing service of process to verify accuracy of Answer Due Date. |
| 13. | Plaintiff's Attorney:<br>(Name, City and Phone Number) | Phillip R. Poliner<br>Long Beach, California<br>562–432–2551 |
| 14. | Call Made To:<br>(Name and Phone Number) | Emailed client<br>HF |
| 15. | Shipped By: | FedEx Saver (non-Garnishments only) and Email with PDF Link |
| 16. | Tracking Number: | 798240593855 |
| 17. | Notes: | |

THIS NOTICE IS PROVIDED FOR GENERAL INFORMATION PURPOSES ONLY AND SHOULD NOT BE CONSIDERED A LEGAL OPINION. IT IS YOUR RESPONSIBILITY TO REVIEW THE DOCUMENT(S) FORWARDED AND TO CONTACT YOUR LAWYER TO TAKE APPROPRIATE ACTION. REGISTERED AGENT SERVICES ARE PROVIDED BY CORPORATE CREATIONS NETWORK INC.

EXHIBIT 1
PAGE 11

# EXHIBIT "B"

# SUMMONS
## *(CITACION JUDICIAL)*

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
DARDEN CAPITAL CORPORATION, a Delaware Corporation, dba OLIVE GARDEN, and DOES 1 through 100, inclusive



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ENDORSED FILED

07 AUG -3 AM 11: 58

BY _____
DEPUTY CLERK

ASSIGNED TO
JUDGE _____

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DENISE ALBERTO, individually and on behalf of others similarly situated

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.   If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
    There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.   Una carta o una llamada telefónica no lo protegen.   Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.   Es posible que haya un formulario que usted pueda usar para su respuesta.   Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca.   Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.   Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
    Hay otros requisitos legales.   Es recomendable que llame a un abogado inmediatamente.   Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.   Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.   Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SOLANO COUNTY SUPERIOR COURT
321 Tuolumne Street

Vallejo, California 94590
Solano Justice Center

CASE NUMBER:
*(Número del Caso):* FCS030002

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Phillip R. Poliner, SBN 156145                    (562) 432-2551          (562) 435-4856
WESTRUP KLICK, LLP
444 West Ocean Boulevard, Suite 1614
Long Beach, California 90802

DATE:          AUG 0 3 2007
*(Fecha)*

LINDA G. ASHCRAFT

Clerk, by    S Baker                    , Deputy
*(Secretario)*                                      *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Daren Capital Corporation, a Delaware corporation, dba Olive Garden

   under: ☒ CCP 416.10 (corporation)               ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

EXHIBIT B
PAGE 12

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address) | FOR COURT USE ONLY |
|---|---|
| Phillip R. Poliner, SBN 156145<br>WESTRUP KLICK, LLP<br>444 West Ocean Boulevard<br>Suite 1614<br>Long Beach, California 90802<br>TELEPHONE NO. (562) 432-2551   FAX NO. (562) 435-4856<br>ATTORNEY FOR (Name) Plaintiff DENISE ALBERTO | ENDORSED FILED<br><br>'07 AUG -3 A11:58<br><br>LINDA _____<br>BY ___S.Baker___<br>DEPUTY CLERK |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SOLANO
STREET ADDRESS 321 Tuolumne Street
MAILING ADDRESS
CITY AND ZIP CODE Vallejo, California 94590
BRANCH NAME Solano Justice Center

CASE NAME: ALBERTO v. DARDEN CAPITAL CORPORATION dba OLIVE GARDEN

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER FCS 030002 |
|---|---|---|---|---|
| X Unlimited<br>(Amount demanded exceeds $25,000) | Limited<br>(Amount demanded is $25,000 or less) | Counter    Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE WILLIAM C. HARRISON<br>DEPT. |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- Auto (22)
- Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- Asbestos (04)
- Product liability (24)
- Medical malpractice (45)
- Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- Business tort/unfair business practice (07)
- Civil rights (08)
- Defamation (13)
- Fraud (16)
- Intellectual property (19)
- Professional negligence (25)
- Other non-PI/PD/WD tort (35)

**Employment**
- Wrongful termination (36)
- X Other employment (15)

**Contract**
- Breach of contract/warranty (06)
- Rule 3.740 collections (09)
- Other collections (09)
- Insurance coverage (18)
- Other contract (37)

**Real Property**
- Eminent domain/Inverse condemnation (14)
- Wrongful eviction (33)
- Other real property (26)

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38)

**Judicial Review**
- Asset forfeiture (05)
- Petition re: arbitration award (11)
- Writ of mandate (02)
- Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
- Antitrust/Trade regulation (03)
- Construction defect (10)
- Mass tort (40)
- Securities litigation (28)
- Environmental/Toxic tort (30)
- Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- RICO (27)
- Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- Partnership and corporate governance (21)
- Other petition (not specified above) (43)

2. This case    is   X is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a.    Large number of separately represented parties    d.    Large number of witnesses
   b.    Extensive motion practice raising difficult or novel    e.    Coordination with related actions pending in one or more courts
         issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c.    Substantial amount of documentary evidence    f.    Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. X monetary b. X nonmonetary; declaratory or injunctive relief c. X punitive

4. Number of causes of action (specify): Four (4)

5. This case X is    is not    a class action suit.

6. If there are any known related cases, file and serve a notice of related cases. (You may use form CM-015.)

Date: August 02, 2007

Phillip R. Poliner, SBN 156145
_____
(TYPE OR PRINT NAME)                                            ► _____ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

EXHIBIT B
PAGE 13

1 R. Duane Westrup (State Bar No. 58610)
Phillip R. Poliner (State Bar No. 156145)
2 WESTRUP KLICK, LLP
444 West Ocean Boulevard, Suite 1614
3 Long Beach, California 90802-4524
Telephone:  (562) 432-2551
4 Telecopier:  (562) 435-4856

5 Attorneys for Plaintiff DENISE ALBERTO
on behalf of herself and others similarly situated
6

7

8            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                      **FOR THE COUNTY OF SOLANO**

10 | DENISE ALBERTO, individually and on        Case No:
behalf of others similarly situated,
11                                              **CLASS ACTION**
12              Plaintiff,
                                               **COMPLAINT FOR FAILURE TO PAY**
·13    v.                                       **WAGES OWING, FAILURE TO PROVIDE**
                                               **ACCURATE ITEMIZED STATEMENTS,**
14 DARDEN CAPITAL CORPORATION, a               **AND FOR UNFAIR BUSINESS**
Delaware Corporation, dba OLIVE              **PRACTICE**
15 GARDEN, and DOES 1 through 100,
inclusive,                                   **DEMAND FOR JURY TRIAL**
16
17              Defendants.
18
19

20          1.     All allegations made in this complaint are based upon information and

21 belief, except those allegations which pertain to the named plaintiff and her counsel,

22 which are based on personal knowledge.  Plaintiff's information and beliefs are based

23 upon, *inter alia*, Plaintiff's own investigation and the investigation conducted by Plaintiff's

24 attorneys.  Plaintiff alleges:

25

26                          **NATURE OF THE ACTION**

27          2.     This is an action on behalf of a class of employees who were or are

28 employed by defendant DARDEN CAPITAL CORPORATION, dba OLIVE GARDEN

-1-
**COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTION**

EXHIBIT B
PAGE 14

1   ("Defendant") in California and who have been victims of Defendant's unfair business

2   practice by failing to compensate for owed wages in the forms of reporting time pay and

3   the legal minimum wage, and by failing to provide accurate itemized statements, in

4   violation of California *Labor Code* §§ 201-203, 226, 1194, California *Business and*

5   *Professions Code* § 17200 *et seq.*, and Section 5 of the Industrial Welfare Commission

6   ("IWC"), Order No. 5-2001.

7

8                                   **JURISDICTION AND VENUE**

9         3.      This Court has jurisdiction over the action pursuant to *Code of Civil*

10   *Procedure* § 410.10 and pursuant to California *Constitution*, Article XI, §10.

11        4.      Each of the defendants has sufficient minimum contacts with the State of

12   California or otherwise intentionally avails itself of the laws and markets of the State of

13   California so as to sustain this Court's jurisdiction over the defendants.

14        5.      Venue is proper in Solano County because the obligation or liability arose

15   here.  Furthermore, the State of California has a substantial interest in deterring wrongful

16   conduct by businesses within its borders and protecting employees from wrongful

17   conduct emanating from California.

18

19                                         **DEFENDANT**

20        6.      Defendant alleges that it is the largest casual dining restaurant company in

21   the world.  Defendant owns, operates, and manages the popular Italian restaurant

22   commonly known as the "Olive Garden."  Defendant is a corporation duly organized and

23   existing under the laws of the State of Delaware, and does business throughout the State

24   of California, including Solano County.

25        7.      Plaintiff does not know the true names or capacities of defendants sued

26   herein as Does 1 through 100, inclusive, and will amend her complaint toward the same

27   as soon as they are ascertained.

28        8.      Plaintiff is informed and believes and, on that basis alleges, that each of

**COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTION**

EXHIBIT *B*
PAGE *15*

1   the fictitiously named defendants were in some manner legally responsible for the

2   unlawful actions, unlawful policies, and unlawful practices, including the refusal to pay

3   owed reporting time compensation and the legal minimum wage, and the failure to

4   provide accurate itemized statements, as required by the California laws complained of

5   herein.  Plaintiff will amend her complaint to set forth the true names and capacities of

6   said defendants, along with the appropriate charging allegations when the same have

7   been ascertained.

8        9.      On the basis of information and belief, it is alleged that each of the

9   defendants herein was the agent of the others and the agent of Defendant.  Each of the

10  defendants was acting in the scope of his or her agency at all relevant times.  Each of

11  the defendants' acts complained of herein was authorized or ratified by the other

12  defendants, including Defendant or the duly authorized representatives or managing

13  agents of Defendant, in the course and scope of the agency for the benefit of

14  themselves, each other and the benefit of Defendant.  Defendant and Does 1 through

15  100 are hereinafter collectively referred to as "Defendants."

16

17                              **PLAINTIFF**

18       10.     Plaintiff Denise Alberto ("Plaintiff") resides in the County of San Francisco,

19  State of California.  Plaintiff was employed by Defendants as a server at Defendants'

20  Olive Garden restaurant in Vallejo, California, from approximately November of 2003

21  until September of 2006.  Plaintiff is a member of the Class, Sub-Class, and Itemized

22  Statement Class, which are defined in paragraph 11 below.

23

24                     **CLASS ACTION ALLEGATIONS**

25       11.     Plaintiff brings this action as a class action on behalf of the following

26  defined classes:

27            (a)     **"Class"** - During the time specified under each of the following

28                    causes of action, all non-management employees employed by

-3-

**COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTION**

EXHIBIT $\beta$
PAGE $16$

1   Defendants at one of Defendants' Olive Garden restaurants in

2   California.

3  (b) "**Sub-Class**" - During the time specified under each of the following

4   causes of action, all members of the Class whose employment with

5   Defendants has terminated.

6  (c) "**Itemized Statement Class**" - All members of the Class and/or Sub-

7   Class who are or were employed by Defendants within a one-year

8   period prior to the filing of this lawsuit.

9  12. Plaintiff is informed and believes, and on that basis, alleges that during

10   the relevant time period, Defendants employ hundreds of employees at Defendants'

11   Olive Garden restaurants in the State of California, including Solano County.  Because of

12   the large number of employees that have been or are currently employed by Defendants,

13   the members of the Class are so numerous that joinder of all members is impossible

14   and/or impracticable.

15  13. Plaintiff's claims are typical of the members of the Class.  Plaintiff, like

16   other members of the Class, worked for Defendants in California at Defendants' Olive

17   Garden restaurants, and was subjected to Defendants' policy and practice of refusing to

18   pay owed reporting time compensation and the legal minimum wage and failing to

19   provide accurate itemized statements, in violation of California's wage and hour laws.

20   Plaintiff's claims were and are typical of those of other members of the Class who

21   worked for Defendants in California as a non-management employee.  Like other

22   members of the Sub-Class, Plaintiff's employment with Defendants has terminated.  Like

23   other members of the Itemized Statement Class, Plaintiff was employed by Defendants

24   within a one-year period prior to the filing of the lawsuit.

25  14. A class action is superior to other available methods for the fair and

26   efficient adjudication of this controversy.

27  15. Plaintiff will fairly and adequately protect the interests of the members of

28   the Class and has retained counsel who are competent and experienced in both class

-4-
**COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTION**

EXHIBIT $\beta$
PAGE 17

1   action and employment litigation.

2        16.    Common questions of law and/or fact exist as to all members of the Class

3   and predominate over any questions solely affecting individual members of the Class.

4   Among the questions of law and fact common to the Class are:

5                a)    Whether Defendants failed to pay reporting time compensation to

6                      members of the Class in violation of Section 5 of IWC, Order No. 5-

7                      2001;

8                b)    Whether Defendants, in failing to pay reporting time compensation,

9                      also failed to pay the legal minimum wage to members of the Class

10                     in violation of *Labor Code* § 1194;

11               c)    Whether Defendants acted with malice, oppression, and/or in

12                     conscious disregard of the legal rights of members of the Class, and

13                     are liable for punitive damages based on such actions;

14               d)    Whether Defendants' conduct constitutes an unfair, unlawful, or

15                     fraudulent business practice within meaning of *Business and*

16                     *Professions Code* § 17200; and

17               e)    Whether the members of the Class sustained damages and, if so,

18                     the proper measure of such damages.

19       17.    Additional questions of law and/or fact common to the Sub-Class include:

20               a)    Whether Defendants failed to promptly and timely pay compensation

21                     owing to members of the Sub-Class upon the termination of their

22                     employment, in violation of California *Labor Code* §§ 201 and 202;

23                     and

24               b)    Whether Defendants are liable to members of the Sub-Class for

25                     waiting time penalties pursuant to California *Labor Code* § 203,

26                     based upon Defendants' willful retention of compensation owing to

27                     members of the Sub-Class upon the termination of their

28                     employment.

-5-

EXHIBIT $B$
PAGE $18$

18.     Additional questions of law and/or fact common to the Itemized Statement Class include:

    a)     Whether Defendants violated *Labor Code* § 226 by failing to provide each member of the Itemized Statement Class with an accurate itemized statement in writing which shows: (1) each employee's gross wages earned, (2) total hours worked, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, (5) net wages earned, (6) the inclusive dates for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

19.     Plaintiff knows of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a class action.

20.     The names and addresses of the members of the Class are available from Defendants.  Notice will be provided to the members of the Class via first class mail and/or by the use of techniques and a form of notice similar to those customarily used in class actions.

## FIRST CAUSE OF ACTION

### [FAILURE TO PAY COMPENSATION OWING IN VIOLATION OF SECTION 5 OF IWC, ORDER NO. 5-2001 ON BEHALF OF PLAINTIFF AND THE CLASS]

21.     Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 20 herein.

22.     Plaintiff alleges, based on information and belief, that Defendants employ hundreds of employees at Defendants' Olive Garden restaurants throughout the State of

-6-

EXHIBIT B
PAGE 19

1  California including, but not limited to, Solano County.  Beginning three years prior to the

2  filing of this lawsuit, Plaintiff and each member of the Class were required to and did

3  report to work, were not put to work or were furnished with less than half of his/her usual

4  or scheduled day's work, and were not compensated for half the usual or scheduled

5  day's work at his/her regular rate of pay, in violation of Section 5 of IWC, Order No. 5-

6  2001.  (Cal. *Code of Regs.*, tit. 8, § 11070, subd. 5(A)).

7        23.    The laws of the State of California require an employer, such as

8  Defendants, to pay reporting time compensation so that employees are guaranteed at

9  least partial compensation for reporting to work and expecting to work a specified

10  number of hours, and being deprived of that amount of work because of inadequate

11  scheduling or lack of proper notice by the employer.  Reporting time compensation is

12  designed to encourage proper notice and scheduling, and is an important device to

13  enforce proper scheduling that is consistent with minimum pay requirements.  Plaintiff

14  and members of the Class are not exempt from the reporting time pay requirements and

15  are entitled to such compensation under California law.

16        24.    Defendants have failed and refused, and continue to fail and refuse, to pay

17  Plaintiff and members of the Class reporting time pay as required by Section 5 of IWC,

18  Order No. 5-2001.

19        25.    Defendants knew or should have known from Defendants' own records, in

20  whole or in part, that Plaintiff and the Class reported to work, were not put to work or

21  were furnished with less than half of their usual or scheduled day's work, and were not

22  compensated for half their usual or scheduled day's work at their regular rate of pay.  For

23  example, Defendants' policy and procedure were, and are, to send non-management

24  employees home earlier than at the end of their shifts whenever business started to

25  decline and without paying them for half of their usual or scheduled day's shift.  Plaintiff

26  and Class members were required to report to work at a specific start time for either the

27  morning/opening shift or evening/closing shift.  If they started in the morning, they usually

28  worked until the evening shift employees took over and if they started in the evening,

-7-
COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTION

1  they usually worked until the restaurant closed.  In many instances, however, Plaintiff

2  and Class members worked until business started to decline, known to Defendants as

3  "lunch business decline" or "dinner business decline," and then were sent home by

4  Defendants without being paid for half of their usual or scheduled day's shift.

5        26.    As evidenced in the preceding paragraphs, Plaintiff and the Class are

6  entitled to punitive damages since Defendants wilfully acted with malice, oppression,

7  and/or in conscious disregard for their legal rights by failing to compensate them with

8  reporting time pay, as required by California law.  Such conduct is in violation of

9  California law and is contrary to public policy regarding the provision of owed

10  compensation.

11        27.    As a result of Defendants' conduct, Plaintiff and members of the Class

12  were damaged by not being compensated with reporting time pay.  Plaintiff and

13  members of the Class are entitled to be paid for half of their usual or scheduled day's

14  work, but in no event for less than two (2) hours nor more than four (4) hours, at their

15  regular rate of pay.  (Cal. *Code of Regs.*, tit. 8, § 11070, subd. 5(A)).

16        28.    In addition, Plaintiff and members of the Sub-Class are entitled to penalties

17  under California *Labor Code* § 203.  California *Labor Code* § 201 requires an employer

18  who discharges an employee to pay compensation due and owing to said employee

19  immediately upon discharge.  California *Labor Code* § 202 requires an employer to

20  promptly pay compensation due and owing to an employee within 72 hours of that

21  employee's termination of employment by resignation.  California *Labor Code* § 203

22  provides that if an employer willfully fails to pay compensation promptly upon discharge

23  or resignation in a prompt and timely manner as required by California *Labor Code* §§

24  201 and 202, said employer is liable to said employee for waiting time penalties as

25  described herein.

26        29.    Defendants have willfully failed and refused, and continue to willfully fail

27  and refuse, to promptly and timely pay reporting time compensation owed to members of

28  the Sub-Class whose employment terminated as required under California *Labor Code*

EXHIBIT $\mathcal{B}$
PAGE $21$

1   §§ 201-202. As a result, Defendants are liable to members of the Sub-Class for waiting

2   time penalties under California *Labor Code* § 203, in an amount to be ascertained at trial,

3   together with prejudgment interest.

4         30.    If Plaintiff succeeds in enforcing these rights affecting the public interest,

5   then attorneys' fees may be awarded to Plaintiff and against Defendants under *Code of*

6   *Civil Procedure* § 1021.5 and other applicable law in part because:

7         (a)    A successful outcome in this action will result in the enforcement of

8   important rights affecting the public interest by requiring Defendants to comply with the

9   wage and hour laws and California's unfair business practice law;

10         (b)    This action will result in a significant benefit to Plaintiff, the Class,

11   and the general public by bringing to a halt unlawful, unfair, deceptive, and misleading

12   activity and by causing the return of ill-gotten gains obtained by Defendants;

13         (c)    Unless this action is prosecuted, members of the Class and

14   general public will not recover those monies, and many of Defendants' employees would

15   not be aware that they were victimized by Defendants' wrongful acts and practices;

16         (d)    Unless this action is prosecuted, Defendants will continue to mislead

17   their employees about the true nature of their rights and remedies under the wage and

18   hour laws; and

19         (e)    An award of attorneys' fees and costs is necessary for the

20   prosecution of this action and will result in a benefit to Plaintiff, the Class, and to

21   consumers in general by preventing Defendants from continuing to circumvent the wage

22   and hour laws and frustrate the long-standing recognition by the California legislature

23   and the courts that such statutes, as pled herein, are not merely a matter of private

24   concern between employer and employee to be eviscerated by considerations of waiver,

25   contributory negligence, good or bad faith, and private agreements. Rather, the wage

26   and hour laws have been described as a matter of public concern, were designed to

27   provide minimum substantive guarantees to individual workers, and are essential to

28   public welfare.

COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTION

EXHIBIT B
PAGE 22

## SECOND CAUSE OF ACTION

### [FAILURE TO PAY THE LEGAL MINIMUM WAGE
### IN VIOLATION OF CALIFORNIA *LABOR CODE* § 1194(a)
### ON BEHALF OF PLAINTIFF AND THE CLASS]

31.     Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 30 herein.

32.     Reporting time compensation is designed to encourage proper notice and scheduling, and is an important device to enforce proper scheduling that is consistent with minimum pay requirements.  Beginning three years prior to the filing of this lawsuit, Plaintiff and members of the Class were not compensated for reporting time pay and, thus, received less than the legal minimum wage in violation of California *Labor Code* §1194(a).

33.     Plaintiff and members of the Class have not agreed to a lesser wage than the legal minimum wage.  Defendants have failed and refused, and continue to fail and refuse, to pay Plaintiff and members of the Class owed reporting time compensation as required by California wage and hour laws.

34.     Defendants knew or should have known from Defendants' own records, in whole or in part, that Plaintiff and the Class were not compensated for reporting time pay and, thus, received less than the legal minimum wage.  For example. Defendants' policy and procedure was, and is, to send non-management employees home earlier than at the end of their shifts whenever business started to decline and without paying them for half of their usual or scheduled day's work.  Plaintiff and Class members were required to report to work at a specific start time for either the morning/opening shift or evening/closing shift.  If they started in the morning, they usually worked until the evening shift took over and if they started in the evening, they usually worked until the restaurant closed.  In many instances, however, Plaintiff and Class members worked until business started to decline, known to Defendants as "lunch business decline" or "dinner business decline," and then were sent home without being paid for half of their usual or scheduled day's shift.

COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTION

EXHIBIT B
PAGE 23

35.   As a result of Defendants' conduct, Plaintiff and members of the Class were damaged in that they did not receive at least the legal minimum wage for half their usual or scheduled day's work, when they reported to work and were deprived of that work because of inadequate scheduling or lack of proper notice by Defendants.  Plaintiff and members of the Class are entitled to such compensation, together with pre-judgment interest and liquidated damages pursuant to California *Labor Code* §§ 1194(a) and 1194.2(a).

36.   In addition, Plaintiff and members of the Sub-Class are entitled to penalties under California *Labor Code* § 203.  California *Labor Code* § 201 requires an employer who discharges an employee to pay compensation due and owing to said employee immediately upon discharge.  California *Labor Code* § 202 requires an employer to promptly pay compensation due and owing to an employee within 72 hours of that employee's termination of employment by resignation.  California *Labor Code* § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation in a prompt and timely manner as required by California *Labor Code* §§ 201 and 202, said employer is liable to said employee for waiting time penalties as described herein.

37.   Defendants have willfully failed and refused, and continue to willfully fail and refuse, to promptly and timely pay reporting time compensation owed to members of the Sub-Class whose employment terminated as required under California *Labor Code* §§ 201-202.  As a result, Defendants are liable to members of the Sub-Class for waiting time penalties under California *Labor Code* § 203, in an amount to be ascertained at trial, together with prejudgment interest.

38.   Plaintiff and the Class are also entitled to punitive damages since Defendants wilfully acted with malice, oppression, and/or in conscious disregard for their legal rights by failing to compensate them with the legal minimum wage, as required by California law.  Such conduct is in violation of California law and is contrary to public policy regarding the provision of owed compensation.  Plaintiff and members of the Class

-11-

EXHIBIT *B*
PAGE *24*

1  are further entitled to receive an award of reasonable attorneys' fees and costs pursuant

2  to Labor Code §1194(a).

3      39.    In addition, if Plaintiff succeeds in enforcing these rights affecting the public

4  interest, then attorneys' fees may be awarded to Plaintiff and against Defendants under

5  *Code of Civil Procedure* § 1021.5 and other applicable law in part because:

6      (a)    A successful outcome in this action will result in the enforcement of

7  important rights affecting the public interest by requiring Defendants to comply with the

8  wage and hour laws and California's unfair business practice law;

9      (b)    This action will result in a significant benefit to Plaintiff, the Class,

10 and the general public by bringing to a halt unlawful, unfair, deceptive, and misleading

11 activity and by causing the return of ill-gotten gains obtained by Defendants;

12     (c)    Unless this action is prosecuted, members of the Class and

13 general public will not recover those monies, and many of Defendants' employees would

14 not be aware that they were victimized by Defendants' wrongful acts and practices;

15     (d)    Unless this action is prosecuted, Defendants will continue to mislead

16 their employees about the true nature of their rights and remedies under the wage and

17 hour laws; and

18     (e)    An award of attorneys' fees and costs is necessary for the

19 prosecution of this action and will result in a benefit to Plaintiff, the Class, and to

20 consumers in general by preventing Defendants from continuing to circumvent the wage

21 and hour laws and frustrate the long-standing recognition by the California legislature

22 and the courts that such statutes, as pled herein, are not merely a matter of private

23 concern between employer and employee to be eviscerated by considerations of waiver,

24 contributory negligence, good or bad faith, and private agreements.  Rather, the wage

25 and hour laws have been described as a matter of public concern, were designed to

26 provide minimum substantive guarantees to individual workers, and are essential to

27 public welfare.

28

COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTION

EXHIBIT B
PAGE 25

## THIRD CAUSE OF ACTION

### [FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS
### IN VIOLATION OF CALIFORNIA *LABOR CODE* § 226
### ON BEHALF OF PLAINTIFF AND THE ITEMIZED STATEMENT CLASS]

40.     Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 39 herein.

41.     *Labor Code* § 226(a) requires that every employer, semimonthly or at the time of each payment of wages, provide to each employee either as a detachable part of the check. draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing which shows: (1) each employee's gross wages earned, (2) total hours worked, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, (5) net wages earned, (6) the inclusive dates for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

42.     Beginning one year prior to the filing of this lawsuit, Defendants knowingly and intentionally failed to provide an accurate itemized statement to Plaintiff and each member of the Itemized Statement Class and, therefore, violate *Labor Code* § 226.

43.     Plaintiff and members of the Itemized Statement Class are entitled to recover the greater of actual damages or fifty dollars ($50) for the initial pay period in which a violation of subsection (a) of the *Labor Code* § 226 occurs, and one hundred dollars ($100) per class member for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and are further entitled to an award of reasonable attorneys' fees and costs pursuant to *Labor Code* § 226(e).

44.     If Plaintiff succeeds in enforcing these rights affecting the public interest, then attorneys' fees may be awarded to Plaintiff and against Defendants under *Code of*

COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTION

EXHIBIT *B*
PAGE *26*

1   *Civil Procedure* § 1021.5 and other applicable law in part because:

2         (a)    A successful outcome in this action will result in the enforcement of

3 important rights affecting the public interest by requiring Defendants to comply with the

4 wage and hour laws and California's unfair business practice law;

5         (b)    This action will result in a significant benefit to Plaintiff, the Class,

6 and the general public by bringing to a halt unlawful, unfair, deceptive, and misleading

7 activity and by causing the return of ill-gotten gains obtained by Defendants;

8         (c)    Unless this action is prosecuted, members of the Class and

9 general public will not recover those monies, and many of Defendants' employees would

10 not be aware that they were victimized by Defendants' wrongful acts and practices;

11         (d)    Unless this action is prosecuted, Defendants will continue to mislead

12 their employees about the true nature of their rights and remedies under the wage and

13 hour laws; and

14         (e)    An award of attorneys' fees and costs is necessary for the

15 prosecution of this action and will result in a benefit to Plaintiff, the Class, and to

16 consumers in general by preventing Defendants from continuing to circumvent the wage

17 and hour laws and frustrate the long-standing recognition by the California legislature

18 and the courts that such statutes, as pled herein, are not merely a matter of private

19 concern between employer and employee to be eviscerated by considerations of waiver,

20 contributory negligence, good or bad faith, and private agreements.  Rather, the wage

21 and hour laws have been described as a matter of public concern, were designed to

22 provide minimum substantive guarantees to individual workers, and are essential to

23 public welfare.

24

25                     **FOURTH CAUSE OF ACTION**

26     **[UNLAWFUL, UNFAIR, AND FRAUDULENT BUSINESS PRACTICE**
**IN VIOLATION OF CALIFORNIA *BUSINESS AND PROFESSIONS CODE* § 17200**

27     **ON BEHALF OF PLAINTIFF AND THE CLASS]**

28     45.    Plaintiff re-alleges and incorporates herein by reference each and every

-14-

EXHIBIT *B*
PAGE *27*

1   allegation contained in Paragraphs 1 through 44 herein.

2        46.   Beginning four years prior to the filing of this lawsuit, Defendants' conduct,

3   as set forth above. violates *Business and Professions Code* § 17200 *et seq.* ("Section

4   17200") in the following respects:

5            a)   Defendants' policies and practices of failing to pay compensation

6   owing, including reporting time pay and the legal minimum wage, and failing to provide

7   accurate itemized statements constitute an unlawful business practice by definition and,

8   thus, violate Section 17200;

9            b)   Defendants' policies and practices of failing to pay compensation

10  owing, including reporting time pay and the legal minimum wage, and failing to provide

11  accurate itemized statements constitute an unfair business practice because Defendants'

12  practices are unethical, unscrupulous, and substantially injurious to consumers. The

13  harm to Plaintiff, all others similarly situated, and to members of the general public,

14  outweighs the utility, if any, of Defendants' policy and practice;

15           c)   Defendants' policies and practices of failing to pay compensation

16  owing, including reporting time pay and the legal minimum wage, and failing to provide

17  accurate itemized statements constitute a fraudulent business practice because

18  Defendant's practices are likely to mislead and did mislead Plaintiff, all other members of

19  the Class, and members of the general public.

20       47.   The unlawful, unfair, and fraudulent business practices by Defendants, as

21  described above, present a continuing threat to the public in that consumers, including

22  Plaintiff, throughout the State of California have suffered and continue to suffer an injury

23  in fact and lost money as a result of Defendants' unlawful, unfair, and fraudulent acts or

24  practices. In addition, Defendants have been unjustly enriched as a result of their

25  conduct. Plaintiff, other members of the general public, and members of the Class have

26  no other adequate remedy of law in that absent equitable relief from the Court,

27  Defendants are likely to continue to injure consumers, reap unjust enrichment, and harm

28  the public interest, thus engendering a multiplicity of judicial proceedings.

-15-

EXHIBIT B
PAGE 28

48.   All members of the Class can be identified by reference to records in the possession of Defendants.  All members of the Class are entitled to restitution of monies due to them, as well as to disgorgement of the ill-gotten gains obtained by Defendants during the relevant time period as a result of said Defendants' unlawful, unfair, and fraudulent conduct, and to injunctive relief.

49.   If Plaintiff succeeds in enforcing these rights affecting the public interest, then attorneys' fees may be awarded to Plaintiff and against Defendants under *Code of Civil Procedure* § 1021.5 and other applicable law in part because:

(a)   A successful outcome in this action will result in the enforcement of important rights affecting the public interest by requiring Defendants to comply with the wage and hour laws and California's unfair business practice law;

(b)   This action will result in a significant benefit to Plaintiff, the Class, and the general public by bringing to a halt unlawful, unfair, deceptive, and misleading activity and by causing the return of ill-gotten gains obtained by Defendants;

(c)   Unless this action is prosecuted, members of the Class and general public will not recover those monies, and many of Defendants' employees would not be aware that they were victimized by Defendants' wrongful acts and practices;

(d)   Unless this action is prosecuted, Defendants will continue to mislead their employees about the true nature of their rights and remedies under the wage and hour laws; and

(e)   An award of attorneys' fees and costs is necessary for the prosecution of this action and will result in a benefit to Plaintiff, the Class, and to consumers in general by preventing Defendants from continuing to circumvent the wage and hour laws and frustrate the long-standing recognition by the California legislature and the courts that such statutes, as pled herein, are not merely a matter of private concern between employer and employee to be eviscerated by considerations of waiver, contributory negligence, good or bad faith, and private agreements.  Rather, the wage and hour laws have been described as a matter of public concern, were designed to

EXHIBIT $\mathcal{B}$
PAGE $29$

1   provide minimum substantive guarantees to individual workers, and are essential to

2   public welfare.

3

4                                    **PRAYER FOR RELIEF**

5         WHEREFORE, Plaintiff, on her own behalf and on behalf of the Class, Sub-Class,

6   and Itemized Statement Class, prays for relief and judgment as follows:

7   First Cause of Action

8         (a)   For unpaid compensation, including reporting time pay, waiting time

9               penalties, and punitive damages, pursuant to Section 5 of IWC, Order No.

10              5-2001 [Cal. *Code of Regs.*, tit. 8, § 11070, subd. 5(A)] and *Labor Code* §

11              203;

12  Second Cause of Action

13        (b)   For failing to pay the legal minimum wage, together with pre-judgment

14              interest, liquidated damages, waiting time penalties, punitive damages, and

15              attorneys' fees, pursuant to California *Labor Code* §§ 1194(a), 1194.2(a),

16              and 203;

17  Third Cause of Action

18        (c)   For damages, penalties, and attorneys' fees pursuant to *Labor Code* §

19              226(e);

20  Fourth Cause of Action

21        (d)   For restitution and injunctive relief; and

22  For All Causes of Action

23        (e)   For reasonable attorneys' fees pursuant to *Code of Civil Procedure*

24              § 1021.5;

25        (f)   For an order declaring this action to be a class action and certifying the

26              Class, Sub-Class, and Itemized Statement Class as alleged and prayed for

27              herein;

28        (g)   For costs and expenses of suit incurred herein; and

                                          -17-

EXHIBIT B
PAGE 30

1    (h)    For such other and further relief as this Court deems just and proper.

2

3    Dated: July 31, 2007                    WESTRUP KLICK, LLP

4

5                                             By:_____

6                                             PHILLIP R. POLINER

7                                             Attorneys for Plaintiff and the Class

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-18-
COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTION

# EXHIBIT "C"

1   PAUL, HASTINGS, JANOFSKY & WALKER LLP
    STEPHEN L. BERRY (SB# 101576)
2   stephenberry@paulhastings.com
    695 Town Center Drive
3   Seventeenth Floor
    Costa Mesa, CA 92626-1924
4   Telephone: (714) 683-6200
    Facsimile: (714) 979-1921
5
    JAN E. EAKINS (SB# 100612)
6   janeakins@paulhastings.com
    PAUL, HASTINGS, JANOFKSY & WALKER LLP
7   515 S. Flower Street, 25the Floor
    Los Angeles, CA 90071
8   Telephone: (213) 683-6000
    Facsimile: (213) 996-3356
9
    Attorneys for Defendants
10  GMRI, INC. dba OLIVE GARDEN, sued erroneously as Darden Capital
    Corporation, and DARDEN CAPITAL CORPORATION
11

12          SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                  FOR THE COUNTY OF SOLANO

14

| | |
|---|---|
| 15  DENISE ALBERTO, individually and on behalf of all others similarly situated, | CASE NO. FCS 030002 |
| 16 | STIPULATION RE SUBSTITUTION OF GMRI, INC. IN PLACE AND INSTEAD OF DARDEN CAPITAL CORPORATION AND DISMISSAL OF DARDEN CAPITAL CORPORATION WITHOUT PREJUDICE; [PROPOSED] ORDER |
| 17          Plaintiffs, | |
| 18       vs. | |
| 19  DARDEN CAPITAL CORPORATION, a Delaware Corporation, dba OLIVE GARDEN, and Does 1 through 100, inclusive, | |
| 20 | |
| 21 | |
| 22          Defendants. | |

23

24

25

26

27

28

FAXED ORIGINAL

RECEIVED
SUPERIOR COURT OF CALIFORNIA, COUNTY OF SOLANO
SEP 11 2007
LINDA C. ASHCRAFT, Court Executive
By_____
Deputy Court Clerk

EXHIBIT C
PAGE 32

1   Plaintiff Denise Alberto ("Plaintiff") and Defendant Darden Capital

2   Corporation ("Darden Capital") and GMRI, Inc. ("GMRI"), by and through their

3   respective counsel, hereby enter into this stipulation based on the following facts:

4

5   A.   In her complaint filed on or about August 3, 2007, Plaintiff

6   named Darden Capital Corporation, dba Olive Garden as the defendant, asserting

7   that Darden Capital was her employer and is and was the employer of the alleged

8   class of employees that she seeks to represent.

9

10   B.   Counsel for Darden has informed Plaintiff's counsel that Darden

11   Capital does not do business as Olive Garden and was not Plaintiff's employer or

12   the employer of the putative class.

13

14   C.   Counsel for Darden also has informed Plaintiff's counsel that

15   GMRI does business as Olive Garden and was Plaintiff's employer and is and was

16   the employer of the putative class.  Defendant's counsel also has provided

17   documentation to Plaintiff's counsel demonstrating that GMRI was Plaintiff's

18   employer.

19

20   ACCORDINGLY, the parties hereby stipulate and agree as

21   follows:

22

23   1.   GMRI, Inc. will be substituted in place and instead of Darden

24   Capital Corporation as the named defendant in this action and, wherever the

25   complaint refers to Darden Capital Corporation, GMRI, Inc. will be inserted instead

26   of Darden Capital Corporation.

27

28   2.   Darden Capital Corporation will be and is hereby dismissed

1    without prejudice.

2

3         3.    Counsel for Defendant will accept service of the complaint on

4    behalf of GMRI, Inc. effective as of the date that Darden Capital Corporation was

5    served.

6

7    Dated: September 11, 2007    PAUL, HASTINGS, JANOFSKY & WALKER LLP

8

9                                By: _____

10                                        JAN E. EAKINS
                                 Attorneys for Defendants
11                               GMRI, INC. dba OLIVE GARDEN, sued
                                 erroneously as Darden Capital Corporation, and
12                               DARDEN CAPITAL CORPORATION

13   Dated: September 11, 2007    WESTRUP KLICK, LLP

14                               By:_____

15                                        PHILLIP R. POLINER
                                 Attorneys for Plaintiff
16                               DENISE ALBERTO

17

18   IT IS SO ORDERED.

19

20   DATED: _____    _____

21                                Hon. William C. Harrison
                                 Solano County Superior Court Judge

22

23

24

25

26

27                                                    EXHIBIT C

28                                                    PAGE 34

                                          STIPULATION RE SUBSTITUTION OF
                                          GMRI, INC. & DISMISSAL OF DARDEN
                                          CAPITAL CORPORATION: ORDER

1   without prejudice.

2

3         3.     Counsel for Defendant will accept service of the complaint on

4   behalf of GMRI, Inc. effective as of the date that Darden Capital Corporation was

5   served.

6

7   Dated: September 11, 2007    PAUL, HASTINGS, JANOFSKY & WALKER LLP

8

9                        By:_____
                                  JAN E. EAKINS

10                        Attorneys for Defendants
                       GMRI, INC. dba OLIVE GARDEN, sued

11                        erroneously as Darden Capital Corporation, and
                       DARDEN CAPITAL CORPORATION

12   Dated: September 11, 2007    WESTRUP KLICK, LLP

13

14                        By:_____
                                  PHILLIP R. POLINER

15                        Attorneys for Plaintiff
                       DENISE ALBERTO

16

17

18   IT IS SO ORDERED.

19

20   DATED: _____    _____

21                            Hon. William C. Harrison
                       Solano County Superior Court Judge

22

23

24

25

26

27

28

LEGAL_US_W # 57060143.1           -2-         STIPULATION RE SUBSTITUTION OF
                                      GMRI, INC. & DISMISSAL OF DARDEN
                                        CAPITAL CORPORATION: ORDER


EXHIBIT C
PAGE 35

1

**PROOF OF SERVICE**

2    STATE OF CALIFORNIA                    )
                                            ) ss:
3    CITY OF LOS ANGELES AND COUNTY OF      )
     LOS ANGELES                            )

4

5           I am employed in the City of Los Angeles and County of Los Angeles, State
     of California.  I am over the age of 18, and not a party to the within action.  My business
6    address is 515 South Flower Street, Twenty-Fifth Floor, Los Angeles, California  90071-
     2228.

7

            On September 11, 2007, I served the foregoing document(s) described as:

8

     STIPULATION RE SUBSTITUTION OF GMRI, INC. IN PLACE AND INSTEAD OF
9    DARDEN CAPITAL CORPORATION AND DISMISSAL OF DARDEN CAPITAL
     CORPORATION WITHOUT PREJUDICE; [PROPOSED] ORDER

10

     on the interested parties by placing a true and correct copy thereof in a sealed envelope(s)
11   addressed as follows:

12          Philip R. Poliner, Esq.
            Westrup Klick, LLP
13          444 West Ocean Boulevard, Suite
            1614
14          Long Beach, CA 90802

15          ☐   **VIA OVERNIGHT MAIL:**

16              VIA _____:By delivering such document(s) to an overnight mail service or an
                authorized courier in a sealed envelope or package designated by the express service
17              courier addressed to the person(s) on whom it is to be served.

18          ☒   **VIA U.S. MAIL:**

19              I am readily familiar with the firm's practice of collection and processing of
                correspondence for mailing.  Under that practice such sealed envelope(s) would be
20              deposited with the U.S. postal service on September 11, 2007 with postage thereon fully
                prepaid, at Los Angeles, California.

21          I declare under penalty of perjury under the laws of the State of California
22   that the above is true and correct.

23          Executed on September 11, 2007, at Los Angeles, California.

24

25                                          _Sharon S. McCulley_
26                                          Sharon S. McCulley

27

28

---

PROOF OF SERVICE

EXHIBIT C
PAGE 36

EXHIBIT "D"

1   PAUL, HASTINGS, JANOFSKY & WALKER LLP
    STEPHEN L. BERRY (SB# 101576)
2   695 Town Center Drive
    Seventeenth Floor
3   Costa Mesa, CA 92626-1924
    Telephone: (714) 668-6200
4   Facsimile: (714) 979-1921

5   PAUL, HASTINGS, JANOFSKY & WALKER LLP
    JAN E. EAKINS (SB# 100612)
6   515 South Flower Street
    Twenty-Fifth Floor
7   Los Angeles, CA 90071-2228
    Telephone: (213) 683-6000
8   Facsimile: (213) 627-0705

9   Attorneys for Defendant
    GMRI, INC. dba OLIVE GARDEN, sued
10  erroneously as Darden Capital Corporation

11              SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                      FOR THE COUNTY OF SOLANO

13

14

15  DENISE ALBERTO, individually and      CASE NO. FCS030002
    on behalf of all others similarly ,
16                                         **NOTICE TO ADVERSE PARTY OF**
                    Plaintiff,             **REMOVAL OF CIVIL ACTION TO**
17                                         **FEDERAL COURT**
            vs.
18
    DARDEN CAPITAL CORPORATION, a
19  Delaware Corporation, dba Olive Garden,
    and DOES 1 through 100, inclusive
20
                    Defendants.
21

22  TO PLAINTIFF DENISE ALBERTO AND HER ATTORNEY OF RECORD R.

23  DUANE WESTRUP, PHILLIP R. POLINER AND THE LAW FIRM OF WESTRUP

24  KLICK, LLP:

25          //

26          //

27                                              EXHIBIT D
                                                PAGE 37
28

LEGAL_US_W # 56858624.1

NOTICE TO ADVERSE PARTY OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

1      PLEASE TAKE NOTICE that on September 12, 2007, defendant GMRI,

2   INC. dba OLIVE GARDEN., sued erroneously as Darden Capital Corporation ("GMRI"

3   or Defendant"), filed a Notice of Removal of this action in the United States District Court

4   for the Eastern District of California.

5

6      A copy of the Notice of Removal accompanies this Notice.

7

8   DATED:  September 12, 2007   PAUL, HASTINGS, JANOFSKY & WALKER LLP

9

10

11       By: _____

12         JAN E. EAKINS

     Attorneys for Defendant

13       GMRI, INC. dba OLIVE GARDEN, sued

     erroneously as Darden Capital Corporation

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

          EXHIBIT D
          PAGE 38

LEGAL_US_W # 56858624.1    -2-

NOTICE TO ADVERSE PARTY OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

# EXHIBIT "E"

1   PAUL, HASTINGS, JANOFSKY & WALKER LLP
    STEPHEN L. BERRY (SB# 101576)
2   695 Town Center Drive
    Seventeenth Floor
3   Costa Mesa, CA 92626-1924
    Telephone: (714) 668-6200
4   Facsimile: (714) 979-1921

5   PAUL, HASTINGS, JANOFSKY & WALKER LLP
    JAN E. EAKINS (SB# 100612)
6   515 South Flower Street
    Twenty-Fifth Floor
7   Los Angeles, CA  90071-2228
    Telephone: (213) 683-6000
8   Facsimile: (213) 627-0705

9   Attorneys for Defendant
    GMRI, INC. dba OLIVE GARDEN, sued
10  erroneously as Darden Capital Corporation

11              SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                    FOR THE COUNTY OF SOLANO

13

14  DENISE ALBERTO, individually and          CASE NO. FCS030002
15  on behalf of all others similarly ,
                                              **NOTICE TO SUPERIOR COURT OF**
16             Plaintiff,                     **REMOVAL OF CIVIL ACTION TO**
                                              **FEDERAL COURT**
17      vs.

18  DARDEN CAPITAL CORPORATION, a
    Delaware Corporation, dba OLIVE
19  GARDEN, and DOES 1 through 100,
    inclusive
20
               Defendants.
21

22  TO THE CLERK OF THE ABOVE-ENTITLED COURT:

23

24          PLEASE TAKE NOTICE that on September 12, 2007 defendant GMRI,

25  INC. dba OLIVE GARDEN, sued erroneously as Darden Capital Corporation, filed in the

26  United States District Court for the Eastern District of California a Notice of Removal of

27

28                                          EXHIBIT E
                                            PAGE 39
    LEGAL_US_W # 56858665.1

    DEFENDANTS' NOTICE TO SUPERIOR COURT OF REMOVAL TO FEDERAL COURT

1   Civil Action to Federal Court. A copy of the Notice of Removal is attached hereto as

2   Exhibit "A."

3     Pursuant to 28 U.S.C. Section 1446(d), the filing of the Notice of Removal

4   in the federal district court, together with the filing of a copy of the Notice of Removal

5   with this Court, effects the removal of this action, and this Court may proceed no further

6   unless and until the case is remanded.

7

8   DATED: September 12, 2007   PAUL, HASTINGS, JANOFSKY & WALKER LLP

                  STEPHEN L. BERRY

9                     JAN E. EAKINS

10

11

12             By: _____

                  JAN E. EAKINS

13             Attorneys for Defendant

          GMRI, INC. dba OLIVE GARDEN, sued

14             erroneously as Darden Capital Corporation

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEGAL_US_W # 56858665.1

-2-

EXHIBIT _E_
PAGE _40_

DEFENDANTS' NOTICE TO SUPERIOR COURT OF REMOVAL TO FEDERAL COURT

**PROOF OF SERVICE**

STATE OF CALIFORNIA                          )
                                             ) ss:
CITY OF LOS ANGELES AND COUNTY OF            )
LOS ANGELES                                  )

       I am employed in the City of Los Angeles and County of Los Angeles, State of California.  I am over the age of 18, and not a party to the within action.  My business address is 515 South Flower Street, Twenty-Fifth Floor, Los Angeles, California  90071-2228.

       On September 12, 2007, I served the foregoing document(s) described as:

**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446; DECLARATION OF MELISSA S. INGALSBE IN SUPPORT THEREOF**

on the interested parties by placing a true and correct copy thereof in a sealed envelope(s) addressed as follows:

       Phillip R. Poliner
       Westrup Klick, LLP
       444 West Ocean Blvd.
       Suite 1614
       Long Beach, CA 90802

☐   **VIA OVERNIGHT MAIL:**

    VIA _____:By delivering such document(s) to an overnight mail service or an authorized courier in a sealed envelope or package designated by the express service courier addressed to the person(s) on whom it is to be served.

☒   **VIA U.S. MAIL:**

    I am readily familiar with the firm's practice of collection and processing of correspondence for mailing.  Under that practice such sealed envelope(s) would be deposited with the U.S. postal service on September 12, 2007 with postage thereon fully prepaid, at Los Angeles, California.

☐   **VIA FACSIMILE:**

    The facsimile transmission report indicated that the transmission was complete and without error.  The facsimile was transmitted to Facsimile # _____ on September 12, 2007 at _____.  A copy of that report, which was properly issued by the transmitting machine, is attached hereto.  **[Permitted by written agreement of the parties.]**

       I declare under penalty of perjury under the laws of the United States that the above is true and correct.

       Executed on September 12, 2007, at Los Angeles, California.

_____
Arlene R. Figueroa

LEGAL_US_W # 57068718.1

PROOF OF SERVICE