1   R. Duane Westrup (State Bar No. 58610)
    Phillip R. Poliner (State Bar No. 156145)
2   Christine C. Choi (State Bar No. 205656)
    WESTRUP KLICK, LLP
3   444 West Ocean Boulevard, Suite 1614
    Long Beach, California 90802-4524
4   Telephone: (562) 432-2551
    Telecopier: (562) 435-4856

5   Attorneys for Plaintiff DENISE ALBERTO

6

7

8                  **UNITED STATES DISTRICT COURT**

9               **EASTERN DISTRICT OF CALIFORNIA**

10                    **SACRAMENTO DIVISION**

11

12   DENISE ALBERTO, individually and on   |   Case No. 2:07-CV-01895-WBS-DAD
    behalf of others similarly situated,

13                                     Honorable William B. Shubb
                                    Courtroom 5

14         Plaintiff,

15         v.                             **CLASS ACTION**

16                             **DECLARATION OF PHILLIP R.**

| Parties | Case details |
|---|---|
| DENISE ALBERTO, individually and on behalf of others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>GMRI, INC., dba OLIVE GARDEN, and DOES 1 through 100, inclusive,<br><br>        Defendants. | Case No. 2:07-CV-01895-WBS-DAD<br><br>Honorable William B. Shubb<br>Courtroom 5<br><br>**CLASS ACTION**<br><br>**DECLARATION OF PHILLIP R. POLINER IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR: 1. PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; 2. CONDITIONALLY CERTIFYING THE CLASS FOR SETTLEMENT PURPOSES ONLY; 3. APPROVAL OF THE FORM AND METHOD OF NOTICE; 4. ESTABLISH OPT-OUT, OBJECTION, AND CLAIM PROCEDURE; AND 5. SCHEDULING A FINAL FAIRNESS HEARING FOR OCTOBER 27, 2008.**<br><br>[Motion for for Preliminary Approval of Class Action Settlement and Proposed Order filed concurrently herewith] |

I, Phillip R. Poliner, declare:

1.     I am an attorney at law licensed to practice in California. I am the attorney for plaintiff Denise Alberto ("Plaintiff"). If called upon as a witness, I could and would competently testify to the following from my own personal knowledge.

2.     This declaration is filed in support of Plaintiff's unopposed Motion for Preliminary Approval of the Class action Settlement between Plaintiff and Defendant GMRI, Inc., dba Olive Garden ("Defendant").

3.     This is a class action brought by servers employed at Olive Garden restaurants in California by Defendant GMRI, Inc., dba Olive Garden ("Defendant"). The graveman of Plaintiff's putative class action complaint is that Defendant failed to properly pay reporting time pay ("RTP") in violation of Section 5 of Wage Order 5-2001 and failed to timely pay final wages upon termination in violation of Labor Code §§ 201 and 202. Based on the same reporting time pay violations, Plaintiff alleges (1) failure to pay the legal minimum wage in violation of Section 4 of the Wage Order brought under California Labor Code § 1194(a); (2) failure to provide accurate itemized statements in violation of California Labor Code § 226; (3) violation of California's unfair competition law (Business and Professions Code § 17200, et seq.). Plaintiff also seeks waiting time penalties under California Labor Code § 203 for its failure to timely pay all final wages upon, termination, including reporting time pay.

4.     Prior to reaching a resolution, the parties propounded discovery and exchanged thousands of documents, interviewed numerous class members, opposed motions, undertook expert analyses, and mediated the case before a well respected mediator, David Rottman, which resulted in the present class action settlement.

5.     In short, the settlement provides that Defendant will contribute $700,000 to resolve any and all issues related to this litigation.

a.   The "Settlement Class" shall be defined as: "All servers, including server breakers, who work or worked for Defendant GMRI at any Olive Garden restaurant in California ("Class Members"), at any time from August 3, 2003, through June 10, 2008."

b.   A minimum fund of approximately $ 435,000 (after deduction from the fund of administration costs, class representative enhancement, payroll taxes and attorneys' fees and costs) will be made available to the Class Members, all of which will be distributed to Class Members.  The fund of money will be allocated to the class members who timely complete and return a claim form.  The allocation will be based on the number of work months each class member worked during the class period.  To the extent that class members do not submit a claim form for their provisional share of the fund, the unclaimed share of the fund shall be redistributed to the class members who do make claims on a proportional basis.

c.   The Settlement Agreement provides that subject to Court approval, Plaintiff shall receive an enhancement of $5,000 for acting as the class representative. Plaintiff actively cooperated in the prosecution of this action and took affirmative steps to monitor the progress of this case on behalf of all potential class members.  Plaintiff gathered information reviewed documents and participated in meetings and mediation.   This enhancement is for participating and bearing the risk of litigation and includes the above payout.

d.   The Settlement Agreement also provides that Defendant will not oppose the motion of Plaintiff's attorneys, the law firm of Westrup Klick, LLP, for an award in the amount of $150,000, for attorneys' fees and up to $10,000 for out of pocket expenses incurred in litigating this class action.  In Williams vs. MGM-Pathe Communications Co., 129 F. 3d 1026 (9th Cir., 1997), the Ninth Circuit held that attorneys' fees should be

calculated as a percentage of the total fund, or using the "lodestar" approach. The court went on to indicate that the benchmarks for an attorney's fees award in a successful class action is twenty-five percent of the total fund. Plaintiff's attorneys are asking for less than that permitted by law.

6.     The Settlement Agreement is attached hereto as Exhibit "A". Here, the terms of the Settlement Agreement were fairly reached as the result of the arms-length negotiations between Plaintiffs' counsel, Defendant's counsel, and an experienced mediator. There is no question that the settlement is in the range of reasonable approval insofar as it provides a substantial benefit to the members of the class. As discussed above, the settlement provides that a net amount of at least $435,000 will be distributed to the Class. Based on the potential recovery and the costs and risks of litigation, Plaintiff's counsel believes that this settlement is well within the range of reasonableness.

7.     Plaintiff meets the prerequisites to a class action under <u>FRCP</u>, Rule 23;

a.     Here, there are over 18,000 servers during the class period.    A potential class of at least 18,000 is so numerous that joinder of all members is clearly impracticable.

b.     Additionally, because <u>Labor Code</u> § 226(b) requires employers to maintain records of current and former employees, not only is the proposed class numerous, it is also ascertainable.[1]  Pursuant to the settlement, Defendant shall provide the third party administrator with the last known address it maintained for each class member.

---

[1] <u>Labor Code</u> section 226 provides that "An employer that is required by this code or any regulation adopted pursuant to this code to keep the information required by subdivision (a) shall afford current and former employees the right to inspect or copy the records pertaining to that current or former employee, upon reasonable request to the employer."

DECLARATION OF PHILLIP R. POLINER

c.     Here, there are factual and legal questions common to the class and that predominate over questions affecting individual members. Such questions include but are not limited to:

a)     Whether Defendant failed to pay reporting time compensation to members of the Class in violation of Section 5 of IWC, Order No. 5-2001;

b)     Whether Defendant, in failing to pay reporting time compensation, also violated Labor Code § 1194;

c)     Whether Defendant's reporting time pay violations constitutes an unfair, unlawful, or fraudulent business practice within meaning of Business and Professions Code § 17200;

d)     Whether Defendant's failed to promptly and timely pay compensation owing to class members upon their termination of their employment, in violation of California Labor Code §§ 201 and 202; and

e)     Whether Defendants are liable to members of the class members for waiting time penalties pursuant to California Labor Code § 203, based upon Defendants' willful retention of compensation owing to members of the class upon the termination of their employment.

d.     Typicality focuses on the similarity between the named plaintiffs' legal and remedial theories and the legal and remedial theories of those whom they purport to represent. Lightbourn v. County of El Paso, Tex., 118 F.3d 421, 426 (5th Cir., 1998). Here, typicality is established because Plaintiff is a member of the class which she seeks to represent and her claims that Defendant failed to pay her reporting time pay compensation and she was not timely paid compensation upon her termination apply equally to absent class members.

1    8.    The requirement of adequate representation has two components. Lerwill v.

2 Inflight Motion Pictures, Inc., 582 F.2d 507, 512 (9th Cir., 1978).  First, the court must

3 determine whether the representative plaintiffs and their counsel have any conflicts of

4 interest with other class members.  Id.  Second, the court must satisfy itself that the

5
representative plaintiffs and their counsel will prosecute the action fairly, vigorously and

6 competently on behalf of the class.  Id. As detailed in the attached Declaration of Phillip R.

7 Poliner, Plaintiff's counsel is not aware of any conflicts of interest with other class members,

8
and Plaintiff's counsel has served as lead or co-counsel in numerous other class actions in

9 state and federal court.

10

11       Within the last three years alone, our firm has certified over 30 class action lawsuits

12
which have involved the failure to pay employees overtime, failure to provide employees

13
with meal and rest breaks, untimely payment of employees' wages upon termination, false

14
and deceptive advertising, and unlawful deductions from tenants' security deposits.  Some

15 examples of certified class actions (wherein our firm was class counsel) includes, but is not

16 limited to, Decario vs. Lerner New York Inc., case number BC 317954, Nigro vs. The Mens

17 Wearhouse, case number BC 313038, Jensen vs. Gucci, case number BC311199, In re

18
Children's Place Cases, JCCP 4418, Dahlerbruch vs. Montblanc North America, LLC, case

19
number 05CC0012, Martinez vs. Mothers Work, Inc., case number BC341359, In Re Ben

20

21 Bridge Jeweler Cases, JCCP 4474 and, Moriel vs. Richmont North America, Inc., case

22 number 06CC000107, the Court granted preliminary and/or final approval of the various

23 settlements.

24

25        In addition, our firm certified and/or settled at least five false and/or deceptive

26 advertising class actions.  Those cases were against Conagra Foods, Inc., Danone Waters of

27
North America, Pfizer Inc., Trimspa Corporation, and Toyota Motor Sales, U.S.A.  In

28

addition, Plaintiffs' counsel certified and/or settled class actions for failure to pay overtime, or untimely payment of wages, against Aames Home Loan, Antimite Associates Inc., Dent Wizard International Corporation, Dewey Services, Inc., Office Depot, Inc., Royal & SunAlliance Insurance, Terminix International Company, L.P., and The City of Los Angeles.

Our firm also tried a Business & Professions Code § 17200 case involving failure to properly account for tenants' security deposits, before Judge John C. Woolley. The case is entitled Kitt, et al. vs. JH Real Estate Partners, et al., case number 02CC01448. Plaintiffs' counsel obtained a verdict, on behalf of Plaintiff and former tenants, in excess of $5 million. Further, our firm certified a case regarding a landlord's alleged failure to properly account for tenants' security deposits. The case is entitled Tovar vs. L'Abri Management, Inc., et al., case number BC237666.

In short, our firm is qualified to conduct the proposed litigation. As to the above cases, millions of dollars of benefits have been made available to class members and/or the general public.

9.    The parties seek Court approval of the proposed form of Notice to be provided to the potential members of the class, as well as approving the "Claim" and "Exclusion" forms. (Attached as Exhibits "B," "C," and "D". The proposed notice, which combines both notice of class certification and settlement, has been routinely approved by courts. See, Weinberger vs. Kendrick, 698 F.2d 61, 72 (2nd Cir., 1983).

10.    The parties agreed to use a neutral third party claims administrator to administrate the settlement. The administrator will mail individual notices to potential members of the class at the last known address of each employee. If any notices are returned, a search will be performed to try and determine the class member's correct address. Thereafter, the administrator will re-mail the notice to any new addresses obtained for any

1  returned notices. In addition, a reminder postcard will be mailed to any class members who

2  do not return a claim or exclusion form by twenty (20) days before the claim deadline. This

3  method of service is reasonably calculated to reach the members of the class by the best

4  means practicable under the circumstances, and should, therefore, be approved.

5
6      11.    A time-line of events is attached as Exhibit "E".

7      12.    For the reasons stated above, the Court should: (1) preliminarily approve the

8  settlement; (2) conditionally certify the class as defined in the Settlement Agreement for

9  settlement purposes; (3) approve the form and method of service of notice; (4) establish a

10  procedure for class members to submit a Claim or Exclusion Form and/or object; and (5)

11  schedule a hearing on final approval of the settlement for October 27, 2008 as set forth more

12  fully in the [Proposed] Order filed concurrently herewith.

13
14
15      I declare under penalty of perjury under the laws of the State of California that the

16  foregoing is true and correct. Executed on May 9, 2008, in Long Beach, California.

17
18
19                          PHILLIP R. POLINER
20
21
22
23
24
25
26
27
28

# Exhibit A

**STIPULATION OF SETTLEMENT AND RELEASE**

This stipulation of settlement and release ("Stipulation of Settlement") is made and entered into by and between plaintiff Denise Alberto ("Plaintiff" or "Class Representative"), individually and on behalf of all others similarly situated, and defendant GMRI, Inc. dba Olive Garden ("GMRI"), and their respective counsel of record, subject to the terms and conditions hereof and the Court's approval.

## A.   Definitions.

1.   Plaintiff and the Settlement Class (as defined below) and GMRI are collectively referred to herein as "the Parties."

2.   "Class Counsel" is Phillip R. Poliner, Esq. and Westrup Klick, LLP.

3.   The "Complaint" and the "Action" mean the case entitled "Denise Alberto, on behalf of herself and all others similarly situated, Plaintiffs v. GMRI, Inc. dba Olive Garden, Does 1 through 100, Inclusive, Defendants," United States District Court, Eastern District of California, Sacramento Division, Case No. 2:07-CV-01895-WBS-DAD, and all amendments thereto.

4.   The "Covered Positions" are all servers, including server breakers, who work or worked for GMRI at any Olive Garden restaurants in California ("Covered Positions"). The "Covered Time Frame" is any time during the period beginning August 3, 2003, through June 10, 2008.

5.   The "Settlement Class" means non-exempt employees of GMRI in California who were employed in Covered Positions during the Covered Time Frame. Individual members of the Settlement Class are referred to herein as a "Settlement Class Member" or "Settlement Class Members."

## B.   General.

6.   The Complaint was originally filed in the Solano County Superior Court on August 3, 2007. The Action was removed to federal court on September 12, 2007, and thereafter, Class Counsel filed a first amended complaint on October 26, 2007. The Complaint, as amended, seeks to certify a class of all servers employed by GMRI at Olive Garden restaurants in California. The Complaint alleges that GMRI failed to properly pay reporting time pay in violation of section 5 of Wage Order 5-2001, failed to timely pay final wages on termination in violation of Labor Code Sections 201 and 202, and as a result of the alleged reporting time pay violations, GMRI further failed to pay the minimum wage in violation of Labor Code Section 1194(a), failed to provide accurate itemized statements in violation of Labor Code Section 226, failed to timely pay final wages on termination in violation of Labor Code Sections 201 and 202, and violated California Business and Professions Code Section 17200. The Action seeks recovery of unpaid compensation for reporting time pay violations, Section 203 penalties, Section 226(e) penalties, punitive damages, interest, restitution, injunctive relief, attorneys' fees and costs.

7.   GMRI denies any liability or wrongdoing of any kind associated with the claims alleged in the Action, and further denies that this Action is appropriate for class treatment for any purpose other than this settlement. GMRI contends, among other things, that it has complied at all

times with the California Labor Code, the applicable Industrial Welfare Commission Wage Order, and the California Business and Professions Code. Moreover, GMRI contends, specifically, that it provides its servers with reporting time pay as required by law.

8.    The Class Representative believes that the Action is meritorious and that class certification is appropriate.

9.    Class Counsel has conducted a thorough investigation into the facts of the Action, including extensive informal discovery and exchange of information. This has included interviewing randomly selected Settlement Class Members and extensive review and analysis of relevant documents relating to a representative sample of Settlement Class Members, including clock in/clock out reports, wage compensation reports, confidential data sheets, and schedules. Class Counsel is both knowledgeable about and has done extensive research with respect to the applicable law and potential defenses to the claims of the Settlement Class. Class Counsel has diligently pursued an investigation of the Settlement Class Members' claims against GMRI. Based on the forgoing data and on his own independent investigation and evaluation, Class Counsel is of the opinion that the settlement with GMRI for the consideration and on the terms set forth in this Stipulation of Settlement is fair, reasonable, and adequate and is in the best interest of the Settlement Class Members in light of all known facts and circumstances, including the risk of significant delay and uncertainty associated with litigation, various defenses asserted by GMRI, and numerous potential appellate issues. GMRI and GMRI's counsel also agree that the settlement is fair and in the best interest of the Settlement Class Members.

10.    For settlement purposes only, GMRI will stipulate that the class described herein may be certified.

**C.    Terms of Settlement.**

11.    The financial terms of the settlement are as follows:

(a)    **Total Settlement Amount:**  The Parties agree to settle this Action for the total settlement amount of seven hundred thousand dollars ($700,000), which shall not revert back to GMRI ("the Total Settlement Amount"), subject to the terms of this Stipulation of Settlement. The Total Settlement Amount includes attorneys' fees of Class Counsel, costs and expenses (which include, without limitation, all such fees and costs incurred to date, as well as such fees and costs to be incurred in documenting the settlement, providing any notices required as part of the settlement, securing court approval of the settlement, and obtaining a dismissal of the Action), the service payment to the Class Representative, if any, approved by the Court, the employer's portion of any FICA, FUTA, and any other payroll taxes, and all costs of administration, including, without limitation, settlement administration fees.

(b)    **Net Payment:**  The "Net Payment" is defined as the Total Settlement Amount less attorneys' fees and documented litigation costs and expenses incurred or advanced by Class Counsel as approved and awarded by the Court, the service payment to the Class Representative as approved and awarded by the Court, the employer's portion of any FICA, FUTA, and any other payroll taxes, and the costs of administering the settlement.

(c)    **Calculation of the Individual Payment Amounts:**  "Individual Payment Amount" means the portion of the Net Payment distributable to each Settlement Class Member. The initial Individual Payment Amount will be calculated using a three-step process, as follows:

(1) determining the "Total Work Months" by adding together all of the months worked in Covered Position(s) by Settlement Class Members during the Covered Time Frame; (2) dividing the Net Payment by the Total Work Months, which will yield the "Dollars per Work Month;" and (3) multiplying the number of months worked in Covered Position(s) during the Covered Time Frame by each Settlement Class Member ("Individual Work Months") by the Dollars per Work Month.

(d)     **Distribution of Remainder:** "Remainder" means the unclaimed portion of the Net Payment if fewer than all of the Settlement Class Members submit a timely and valid claim. If fewer than all Class Members submit claims, the Remainder will be divided among the Class Members who have submitted timely and valid claims ("Claimants") and added to their Individual Payment Amounts. The amount of the Remainder that will be added to the Individual Payment Amounts of each Claimant will be calculated using a three-step process as follows: (1) determining the "Claimants' Total Work Months" by adding together all the months worked in Covered Position(s) by Claimants only during the Covered Time Frame; (2) dividing the Remainder by the Claimants' Total Work Months, which will yield the "Remainder Dollars per Work Month"; and (3) multiplying the number of Individual Work Months of each Claimant by the Remainder Dollars per Work Month.

(e)     **Allocation of Individual Payments:** The Individual Settlement Amounts, including any distribution of the Remainder, will be allocated based on the allegations in the Lawsuit as follows: Fifty percent (50%) constitutes wages subject to withholding of all applicable local, state and federal taxes, and fifty percent (50%) constitutes penalties and interest, from which no taxes will be withheld. The Settlement Administrator will issue to each Class Member an Internal Revenue Service Form W-2 and comparable state forms with respect to the wage allocation and a Form 1099 with respect to the penalties and interest allocation. The settlement payments and/or class representative enhancement, if any, will not count or be counted for determination of eligibility for, or calculation of, any employee benefits (e.g., vacations, holiday pay, retirement plans, etc.) of the Plaintiff or Claimants, or otherwise modify any eligibility criteria under any employee pension benefit plan or employee welfare plan sponsored by GMRI, unless otherwise required by law.

(f)     **Service Payment to Class Representative:** The amount, if any, awarded to the Class Representative as a service payment will be set by the Court in its discretion, not to exceed $5,000, and this amount will come from the Total Settlement Amount. The Class Representative will sign a General Release in exchange for this payment and will be issued an IRS Form 1099 in connection with this payment.

(g)     **Attorneys' Fees:** GMRI agrees, subject to the Court's approval, that Class Counsel is entitled to an award of attorneys' fees from the Total Settlement Amount in an amount not to exceed $150,000.

(h)     **Attorneys' Costs:** GMRI agrees that Class Counsel will be reimbursed from the Total Settlement Amount for all documented out-of-pocket litigation costs, not to exceed $ 10,000.

(i)     **Settlement Administration Costs:** The fees and other charges of the Settlement Administrator to administer the settlement shall not exceed $70,000, and will be paid from the Total Settlement Amount.

12.     The Parties and their counsel agree that they will not issue any press releases, initiate any contact with the press, respond to any press inquiry or have any communication with the press about this case and/or the fact, amount of terms of the settlement. In addition, the Parties and their counsel agree that they will not engage in any advertising or distribute any marketing materials relating to the settlement of this case, including but not limited to any postings on any websites maintained by Class Counsel. Any communication about the settlement to Settlement Class Members prior to the court approved mailing will be limited to a statement that a settlement has been reached and the details will be communicated in a forthcoming Court-approved notice.

13.     The Parties agree that the settlement is fair and reasonable and will so represent to the Court.

## D.     Release by the Class.

14.     Upon the final approval of the settlement by the Court, and except as to such rights or claims as may be created by this Stipulation of Settlement, the Settlement Class (other than those who file request for exclusion forms) and each member of the Settlement Class, will fully release and discharge GMRI, and any of its former and present parent companies, subsidiaries, and affiliates, and the officers, directors, employees, partners, representatives, shareholders, agents, attorneys, insurers, successors and assigns of all such entities ("Released Parties"), from any and all claims, rights, demands, debts, obligations, guarantees, liabilities, costs, expenses, attorneys' fees, damages, actions and causes of action of every nature and description, whether known or unknown, contained in or related to the Action, including claims for reporting time pay pursuant to Section 5 of Wage Order 5-2001 violation of Labor Code Sections 201 and 202 and/or penalties pursuant to Labor Code Section 203 (failure to pay timely wages), violation of Labor Code Section 1194 (minimum wages), violation of Labor Code Section 226 (accurate itemized statements), and California Business and Professions Code Section 17200 (unfair business practices) ("Released Claims") during the period from May 3, 2003 to and including June 10, 2008 ("Released Period").

15.     The above release of claims provided by this Stipulation of Settlement includes claims which a Settlement Class Member does not know or suspect to exist in his or her favor against the Released Parties as of June 10, 2008. Each Settlement Class Member, including the Class Representative, waives all rights and benefits afforded by section 1542 of the California Civil Code as it relates to the Released Claims during the Release Period, and does so understanding the significance of that waiver. Section 1542 provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

## E.     Notice and Claim Process.

16.     The Parties have agreed to the appointment of Simpluris, Inc. ("Settlement Administrator") to perform the duties of a settlement administrator, including mailing the notice, claim form and request for exclusion form, using standard devices to obtain forwarding addresses, independently reviewing and verifying documentation associated with any submitted claims or opt-out requests, resolving any disputes regarding the calculation or application of the formula for determining the Individual Settlement Amounts, drafting and mailing the settlement checks to authorized Claimants, issuing W-2 and 1099 forms, and performing such other tasks as set forth

herein or as the Parties mutually agree or that the Court orders. All disputes relating to administration of the settlement by the Settlement Administrator shall be referred to the Court, if necessary, which will have continuing jurisdiction over the terms and conditions of this Stipulation of Settlement, until all payments and obligations contemplated by this Stipulation of Settlement have been fully carried out. Prior to presenting any issue to the Court, counsel for the Parties will confer in good faith to resolve the dispute without the necessity of Court intervention.

17.     Within fifteen (15) business days after entry of the order granting preliminary approval, GMRI shall provide to the Settlement Administrator a list of all Settlement Class Members, including their last known address and number of months worked in a Covered Position during the Covered Time Frame. At the same time, GMRI will advance a portion of the total cost of settlement administration (not to exceed $70,000) to the Settlement Administrator in the amount of twenty-two thousand dollars ($22,000). This advance to the Settlement Administrator will be paid from the Total Settlement Amount.

18.     A notice of pendency of class action, proposed settlement and hearing date for court approval ("Notice") in the form attached hereto as Exhibit 1, and as approved by the Court, shall be sent by the Settlement Administrator to the Settlement Class Members, by first class mail, within thirty (30) calendar days after the entry of the order granting preliminary approval of the settlement and Notice. Attached to the Notice will be a claim form ("Claim Form"), in the form attached hereto as Exhibit 2, and a request for exclusion form ("Exclusion Form"), in the form attached hereto as Exhibit 3. The Settlement Administrator shall use standard devices to obtain forwarding addresses of Settlement Class Members if any envelopes are returned.

19.     The Settlement Administrator will take steps to ensure that the Notice, Claim Form and Exclusion Form are all sent to all Settlement Class Members.

20.     It will be conclusively presumed that if an envelope has not been returned within thirty (30) days of the mailing that the Settlement Class Member received the Notice.

21.     The Settlement Administrator shall provide counsel for the Parties, at least thirty-one (31) court days prior to the final approval hearing, a declaration of due diligence and proof of mailing with regard to the mailing of the Notice.

22.     Each Settlement Class Member will be fully advised of the settlement, the ability to object to the settlement, and the ability to submit a Claim Form or Exclusion Form. The Claim Form must be signed under penalty of perjury, and mailed to the Settlement Administrator. The Notice will inform the Settlement Class Members of the Court-established deadlines for filing objections and a Claim Form or Exclusion Form.

23.     Each Claim Form will list the number of Individual Work Months worked by the Class Member in Covered Position(s) during the Covered Time Frame according to GMRI's records. To the extent a Settlement Class Member disputes the number of Individual Work Months listed on his or her Claim Form, the Settlement Class Member may produce evidence to the Settlement Administrator establishing the Individual Work Months the Settlement Class Member contends to have worked. GMRI's records will be presumed determinative, but the Parties will evaluate the evidence submitted by the Claimant and discuss in good faith how many Individual Work Months should be credited. If the Parties cannot agree, the Settlement Administrator will make the final determination.

24. The Class Members will have forty-five (45) calendar days from the date the Claim Forms were mailed to submit the completed Claim Forms to the Settlement Administrator. No Claim Form will be honored if it is postmarked more than forty-five (45) days from the date of the mailing of the Notice and Claim Forms to the Settlement Class Members. If a claim is postmarked more than 45 days after mailing but before the final approval hearing, the Parties may agree to accept the late claim for good cause to be determined by counsel for the Parties; provided, however, that if counsel for the Parties do not agree, the claim shall not be accepted. The Settlement Administrator will certify jointly to Class Counsel and GMRI's counsel what claims were timely submitted.

25. If a Claim Form is not completed in full, the Settlement Administrator shall send one deficiency notice to the Class Member advising the Class Member to cure the deficiency. The deficiency notice will give the Class Member fourteen (14) calendar days from the date of mailing of the deficiency notice to cure the deficiency. The corrected Claim Form must be postmarked not later than the fourteenth (14th) calendar day after the date of mailing of the deficiency notice, or it will be rejected as untimely by the Settlement Administrator.

26. The Settlement Administrator will mail a reminder postcard to all Class Members who have not submitted a Claim Form or an Exclusion Form by twenty (20) days before the deadline for submitting such forms.

27. If five percent (5%) or more of the Settlement Class Members submit a timely Exclusion Form, GMRI shall have the option of canceling this settlement.

28. GMRI will deliver the Total Settlement Amount (less the advance referred to in Paragraph 17 above) to the Settlement Administrator within twenty (20) days after the entry of the order granting final approval of the settlement by the Court or, if there is any objection to the settlement, within twenty (20) days after expiration of the time to file appeals or the resolution of any appeals filed, unless GMRI requests and Class Counsel agrees to additional time, which agreement will not be unreasonably withheld.

29. No later than fifteen (15) calendar days after receipt of the funds from GMRI, the Settlement Administrator will mail the payments to the Claimants, the payment for the attorneys' fees and costs to Class Counsel, and any service payment to the Class Representative, and will pay the settlement administration fees and costs.

30. The Claim Form will contain verbatim the complete release set forth above in paragraph 14. In addition, at the option of GMRI, the back of each check issued to a Claimant may contain release language as well.

**F.     Duties of the Parties Prior to Court Approval.**

31. Promptly after execution of this Stipulation of Settlement, the Parties shall jointly move the Court for preliminary approval of this settlement and entry of an order accomplishing the following:

(a)     scheduling a fairness hearing on the question of whether the proposed settlement should be finally approved as fair, reasonable and adequate as to the Settlement Class Members;

(b)     approving as to form and content the proposed Notice;

(c)     approving as to form and content the proposed Claim Form;

(d)     approving as to form and content the proposed Exclusion Form;

(e)     directing the mailing of the Notice, Claim Form, and Exclusion Form by first class mail to the Settlement Class Members;

(f)     preliminarily approving this settlement;

(g)     preliminarily certifying the class for purposes of settlement;

(h)     preliminarily setting attorneys' fees and costs payable to Class Counsel;

(i)     preliminarily setting the service payment, if any, to the Class Representative; and

(j)     preliminarily approving the costs of settlement administration payable to the Settlement Administrator.

The Parties shall submit this Stipulation of Settlement in support of the joint motion for preliminary approval of the settlement.

32.     GMRI will comply with the Class Action Fairness Act notification requirements set forth in 28 U.S.C. § 1715 by notifying appropriate federal and state officials of the proposed settlement. Within ten (10) days of filing the Motion for Preliminary Approval, GMRI will serve a notice of the proposed settlement on the Attorneys General of the United States and the State of California, including the materials enumerated in 28 U.S.C. § 1715(b), and any Order granting final approval of the proposed settlement may not be issued earlier than ninety (90) days after the date of said notice.

**G.     Duties of the Parties Following Final Court Approval.**

33.     In connection with the hearing on final approval of the settlement provided for in this Stipulation of Settlement, the Parties will submit a proposed final order:

(a)     approving the settlement, adjudging the terms thereof to be fair, reasonable and adequate, and directing consummation of its terms and provisions;

(b)     approving Class Counsel's application for an award of attorneys' fees and reimbursement of documented litigation costs and expenses, the service payment, if any, to the Class Representative, and the payment to the Settlement Administrator for costs of administering the settlement; and

(c)     upon a showing that the Settlement Administrator has made all payments required by this Stipulation of Settlement, dismissing the Action on the merits and with prejudice, and permanently barring all Settlement Class Members from prosecuting any Released Claims against any of the Released Parties.

34.     The Parties each expressly waive any right to appeal they may have in connection with any ruling of the Court in connection with the Action and settlement of it; provided however, the foregoing waiver shall not apply to any ruling the Parties jointly agree should be appealed.

## H.     Voiding the Agreement.

35.     A failure of the Court to approve any material condition of this Stipulation of Settlement which effects a fundamental change of the Parties' settlement shall render the entire Stipulation of Settlement voidable and unenforceable as to all Parties herein at the option of either Party.

## I.     Parties' Authority.

36.     The signatories hereto represent that they are fully authorized to enter into this Stipulation of Settlement and bind the Parties hereto to the terms and conditions hereof.

## J.     Mutual Full Cooperation.

37.     The Parties agree to fully cooperate with each other to accomplish the terms of this Stipulation of Settlement, including but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement the terms of this Stipulation of Settlement. The Parties to this Stipulation of Settlement shall use their best efforts, including all efforts contemplated by this Stipulation of Settlement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Stipulation of Settlement and the terms set forth herein. As soon as practicable after execution of this Stipulation of Settlement, Class Counsel shall, with the assistance and cooperation of GMRI and its counsel, take all necessary steps to secure the Court's preliminary and final approval of the settlement.

## K.     No Prior Assignments.

38.     The Parties hereto represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights released and discharged by this Stipulation of Settlement.

## L.     No Admission.

39.     Nothing contained herein, nor the consummation of this Stipulation of Settlement, is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of GMRI or any of the other Released Parties. Each of the Parties hereto has entered into this Stipulation of Settlement with the intention of avoiding further disputes and litigation with the attendant inconvenience and expenses. This Stipulation of Settlement is a settlement document and shall, pursuant to California Evidence Code section 1152 and/or Federal Rule of Evidence 408, be inadmissible in evidence in any proceeding, except an action or proceeding to approve the settlement, and/or interpret or enforce this Stipulation of Settlement. The stipulation for class certification as part of this Stipulation of Settlement is for settlement purposes only and if, for any reason the settlement is not approved, the stipulation will be of no force or effect.

## M.     Enforcement Actions.

40.     Except as otherwise provided in this Stipulation of Settlement, in the event that one or more of the Parties to this Stipulation of Settlement institutes any legal action or other proceeding against any other Party or Parties to enforce the provisions of this Stipulation of Settlement or to declare rights and/or obligations under this Stipulation of Settlement, the successful Party or Parties shall be entitled to recover from the unsuccessful Party or Parties reasonable attorneys' fees and costs, including expert witness fees, incurred in connection with any enforcement actions.

## N.     Notices.

41.     Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States registered or certified mail, return receipt requested, addressed:

> To the Settlement Class:
>
> Phillip R. Poliner, Esq.
> Westrup Klick, LLP
> 444 West Ocean Boulevard
> Suite 1614
> Long Beach, California 90802-4524
>
> To GMRI:
>
> Jan E. Eakins, Esq.
> Paul, Hastings, Janofsky & Walker LLP
> 515 South Flower Street, 25th Floor
> Los Angeles, California 90071

## O.     Construction.

42.     The Parties hereto agree that the terms and conditions of this Stipulation of Settlement are the result of lengthy, intensive arms' length negotiations between the Parties and that this Stipulation of Settlement shall not be construed in favor of or against any Party by reason of the extent to which any Party or his or its counsel participated in the drafting of this Stipulation of Settlement.

## P.     Captions and Interpretations.

43.     Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Stipulation of Settlement or any provision hereof. Each term of this Stipulation of Settlement is contractual and not merely a recital.

## Q.     Modification.

44.     This Stipulation of Settlement may not be changed, altered, or modified, except in writing and signed by the Parties hereto, and approved by the Court. This Stipulation of Settlement

may not be discharged except by performance in accordance with its terms or by a writing signed by all of the Parties hereto.

**R.    Integration Clause.**

45.    This Stipulation of Settlement contains the entire agreement between the Parties relating to the settlement and transaction contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or such Party's legal counsel, are merged herein.  No rights hereunder may be waived except in writing.

**S.    Binding On Assigns.**

46.    This Stipulation of Settlement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators, successors and assigns.

**T.    Signatures of All Settlement Class Members Unnecessary to be Binding.**

47.    It is agreed that, because the members of the Settlement Class are numerous, it is impossible or impractical to have each Settlement Class Member execute this Stipulation of Settlement.  The Notice will advise all Settlement Class Members of the binding nature of the release provided herein and such shall have the same force and effect as if this Stipulation of Settlement were executed by each Settlement Class Member.

**U.    Counterparts.**

48.    This Stipulation of Settlement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one fully-signed Stipulation of Settlement, which shall be binding upon and effective as to all Parties.

Dated:  May 9, 2008          **CLASS COUNSEL:**

WESTRUP KLICK, LLP

By:_____
                    PHILLIP R. POLINER

Attorneys for Plaintiff and the Class

Dated:  May __, 2008          **CLASS REPRESENTATIVE:**

_____
DENISE ALBERTO

may not be discharged except by performance in accordance with its terms or by a writing signed by all of the Parties hereto.

**R.    Integration Clause.**

45.    This Stipulation of Settlement contains the entire agreement between the Parties relating to the settlement and transaction contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or such Party's legal counsel, are merged herein. No rights hereunder may be waived except in writing.

**S.    Binding On Assigns.**

46.    This Stipulation of Settlement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators, successors and assigns.

**T.    Signatures of All Settlement Class Members Unnecessary to be Binding.**

47.    It is agreed that, because the members of the Settlement Class are numerous, it is impossible or impractical to have each Settlement Class Member execute this Stipulation of Settlement. The Notice will advise all Settlement Class Members of the binding nature of the release provided herein and such shall have the same force and effect as if this Stipulation of Settlement were executed by each Settlement Class Member.

**U.    Counterparts.**

48.    This Stipulation of Settlement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one fully-signed Stipulation of Settlement, which shall be binding upon and effective as to all Parties.

Dated:  May ___, 2008          **CLASS COUNSEL:**

WESTRUP KLICK, LLP

By:_____
                  PHILLIP R. POLINER

Attorneys for Plaintiff and the Class

Dated:  May 12, 2008          **CLASS REPRESENTATIVE:**

_____
DENISE ALBERTO

Dated: May 8, 2008          **DEFENDANT'S COUNSEL:**

PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: _____
                 JANE E. EAKINS

Attorneys for Defendant
GMRI, INC. dba OLIVE GARDEN

Dated: May 9, 2008          **DEFENDANT:**

GMRI, INC. dba OLIVE GARDEN

By: _____
                 MELISSA INGALSBE
                 Director, Dispute Resolution

# Exhibit 1

### NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT AND HEARING DATE FOR COURT APPROVAL

#### *DENISE ALBERTO V. GMRI, INC. dba OLIVE GARDEN*

**United States District Court, Eastern District of California, Sacramento Division, Case No. 2:07-CV-01895-WBS-DAD**

IF YOU WERE EMPLOYED AS A SERVER, INCLUDING A SERVER BREAKER, BY GMRI, INC. ("GMRI") AT ANY OLIVE GARDEN RESTAURANT IN CALIFORNIA AT ANY TIME FROM AUGUST 3, 2003, THROUGH JUNE 10, 2008, YOU ARE ELIGIBLE TO PARTICIPATE IN A SETTLEMENT.

THIS NOTICE INFORMS YOU THAT YOU MAY SUBMIT A PROOF OF CLAIM FORM AND RELEASE POSTMARKED ON OR BEFORE _____, 2008 [**45 days after mailing**], IF YOU WANT TO RECEIVE A PORTION OF THE SETTLEMENT PAYMENT. THIS NOTICE ALSO INFORMS YOU THAT YOU MAY SUBMIT A REQUEST FOR EXCLUSION FORM IF YOU DO NOT WANT TO BE PART OF THE SETTLEMENT.

PLEASE READ THIS NOTICE CAREFULLY. THIS NOTICE RELATES TO A PROPOSED SETTLEMENT OF CLASS ACTION LITIGATION. IF YOU ARE A CLASS MEMBER, IT CONTAINS IMPORTANT INFORMATION AS TO YOUR RIGHT TO MAKE A CLAIM FOR PAYMENT OR TO ELECT NOT TO BE INCLUDED IN THE CLASS AS FURTHER DESCRIBED BELOW.

Pursuant to the order of the United States District Court, Eastern District of California, Sacramento Division, in *Denise Alberto v. GMRI, Inc. dba Olive Garden*, Case No. 2:07-CV-01895-WBS-DAD (the "Lawsuit") entered on _____, 2008 [**insert date of preliminary court approval**], YOU ARE HEREBY NOTIFIED AS FOLLOWS: A settlement has been reached between the parties in the Lawsuit. The "Settlement Class" consists of employees of GMRI who were employed in Covered Positions during the Covered Time Frame. The Covered Positions are all servers, including server breakers, who worked for GMRI at any Olive Garden restaurants in California ("Covered Positions"). The Covered Time Frame is any time during the period beginning August 3, 2003, and ending on June 10, 2008 ("Covered Time Frame").

You have received this notice because GMRI's records indicate that you worked in a Covered Position within the Covered Time Frame. This notice is designed to advise you of how you can participate in this settlement and how you can be excluded from the settlement if you so choose.

## I.    BACKGROUND OF THE CASE

This Lawsuit alleges, among other things, that servers at Olive Garden restaurants in California were not properly paid reporting time pay and/or failed to timely receive final wages as required by law. GMRI denies that it has done anything wrong, and denies that any class member has been injured or suffered damages. However, to avoid the expense, inconvenience and interference with its business operations, GMRI has concluded that it is in its best interests and the interests of the Settlement Class to settle the Lawsuit on the terms summarized in this Notice. After GMRI provided extensive information to counsel for the Settlement Class, the settlement was reach through arms-length negotiations between the parties with the assistance of a highly respected neutral mediator, David Rotman.

## II.   SUMMARY OF THE PROPOSED SETTLEMENT

### A.   Settlement Formula

The total settlement payment is seven hundred thousand dollars ($700,000) (the "Total Settlement Payment"). The following sums will first be paid from the Total Settlement Payment: (1) attorneys' fees not to exceed $150,000 and all documented litigation costs to Class Counsel, not to exceed $10,000, in amounts set by the Court; (2) a possible service payment to class representative Denise Alberto (the "Class Representative") not to exceed $5,000 for her services in the Lawsuit, in an amount set by the Court; (3) the employer portion of any payroll taxes, including FICA and FUTA, and (4) a reasonable amount to the Settlement Administrator to administer the settlement, not to exceed $70,000. The amount of the Total Settlement Payment remaining after these payments is called the "Net Payment."

Each Settlement Class Member who submits a timely, valid and approved claim form will be paid an amount to be determined, as follows:

"Individual Payment Amount" means the portion of the Net Payment distributable to each Settlement Class Member. The initial Individual Payment Amount will be calculated using a three-step process, as follows: (1) determining the "Total Work Months" by adding together all of the months worked by Settlement Class Members in Covered Position(s) during the Covered Time Frame; (2) dividing the Net Payment by the Total Work Months, which will yield the "Dollars per Work Month;" and (3) multiplying the number of months worked in Covered Position(s) during the Covered Time Frame by each Settlement Class Member by the Dollars per Work Month.

"Remainder" means the unclaimed portion of the Net Payment if fewer than all of the Settlement Class Members submit a timely and valid claim. If fewer than all Class Members submit claims, the Remainder will be divided among the Class Members who have submitted timely and valid claims ("Claimants") and added to their Individual Payment Amounts. The amount of the Remainder that will be added to the Individual Payment Amounts of each Claimant will be calculated using a three-step process as follows: (1) determining the "Claimants' Total Work Months" by adding together all the months worked in Covered Position(s) by Claimants only during the Covered Time Frame; (2) dividing the Remainder by the Claimants' Total Work Months, which will yield the "Remainder Dollars per Work Month"; and (3) multiplying the number of Individual Work Months of each Claimant by the Remainder Dollars per Work Month.

The Individual Payment Amounts will be reduced by legally required payroll deductions. The actual payment to a Settlement Class Member will depend on his or her Individual Work Months.

A Settlement Class Member may submit a claim or may elect not to participate in the settlement by timely filing a request for exclusion. Any Settlement Class Member who does neither of the above cannot participate in the monies paid out under the settlement and will still be bound by the terms of the settlement as to his or her claims, if this settlement is granted final approval the Court.

- 2 -

### B.   Qualified Claimant Defined

Qualified claimants will include only those Settlement Class Members who timely submit a properly completed claim form that is signed under penalty of perjury.

### C.   Months Worked in a Covered Position Will Be Based on GMRI's Records

For each Settlement Class Member, the months worked in Covered Position(s) during the Covered Time Frame by the Settlement Class Member will be calculated from GMRI's records. GMRI's records will be presumed determinative if there is a difference of opinion with respect to the period of time the Settlement Class Member worked in Covered Position(s) during the Covered Time Frame. A Settlement Class Member may submit evidence to support his or her claim that GMRI's records are in error. In such a case, the Parties will evaluate the evidence submitted by the Claimant and discuss in good faith how many Individual Work Months should be credited. If the Parties cannot agree, the Settlement Administrator will make the final determination.

### D.   Release

Upon the final approval of the settlement by the Court, and except as to such rights or claims as may be created by this Stipulation of Settlement, the Settlement Class (other than those who timely file a request for exclusion) and each member of the Settlement Class, will fully release and discharge GMRI, and any of its former and present parent companies, subsidiaries, and affiliates, and the officers, directors, employees, partners, representatives, shareholders, agents, attorneys, insurers, successors and assigns of all such entities ("Released Parties"), from any and all claims, rights, demands, debts, obligations, guarantees, liabilities, costs, expenses, attorneys' fees, damages, actions and causes of action of every nature and description, whether known or unknown, contained in or related to the Lawsuit, including claims for reporting time pay pursuant to Section 5 of Wage Order 5-2001, violation of Labor Code Sections 201 and 202 and/or penalties pursuant to Labor Code Section 203 (failure to pay timely wages), violation of Labor Code Section 1194 (minimum wages), violation of Labor Code Section 226 (accurate itemized statements), and California Business and Professions Code Section 17200 (unfair business practices) ("Released Claims") during the period from May 3, 2003 to June 10, 2008 ("Released Period").

The above release of claims includes claims which a Settlement Class Member does not know or suspect to exist in his or her favor against the Released Parties as of June 10, 2008. Each Settlement Class Member waives all rights and benefits afforded by section 1542 of the California Civil Code as it relates to the Released Claims during the Released Period, and does so understanding the significance of that waiver. Section 1542 provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

- 3 -

E.    **Service Payment to the Class Representative**

The Class Representative may be paid a service payment in an amount set by the Court, to be deducted from the Total Settlement Amount, for her service as Class Representative in an amount not to exceed $5,000.

F.    **Attorneys' Fees, Litigation Costs and Settlement Administration Costs**

Class Counsel will receive an amount to be set by the Court, to be deducted from the Total Settlement Amount, for their attorneys' fees (not to exceed $150,000) and documented out-of-pocket costs and expenses incurred and to be incurred in prosecuting and settling the Lawsuit. The Settlement Administrator shall be paid its fees and other charges to administer the settlement as approved by the Court.

G.    **Reasonableness of Settlement**

The Class Representative and Class Counsel support this settlement. Among the reasons for support are the defenses to liability potentially available to GMRI, the risk of denial of class certification, the inherent risk of trial on the merits, and the delays and uncertainties associated with litigation.

## III.    **WHAT ARE YOUR RIGHTS AS A CLASS MEMBER?**

A.    **Submitting a Claim**

If you wish to submit a claim, you must complete, sign and date the enclosed Claim Form and Release ("Claim Form") and return it, by first class U.S. mail or the equivalent, to:

> GMRI, Inc. Settlement Administrator
> c/o Simpluris, Inc.
> 3176 Pullman Street
> Suite 123
> Costa Mesa, CA  92626

The Claim Form must be received by the above Settlement Administrator no later than _____, 2008, which is forty-five (45) days after the date of the initial mailing of the Claim Forms. The Claim Form must be sent by United States Postal Service first class mail or the equivalent. If a Claim Form is received more than forty-five (45) days after the initial mailing, it will be accepted as long as it bears a postmark that is no more than forty-five (45) days after the initial mailing of the Claim Form. Do not use a postage meter as that may not result in a postmark appearing on the envelope containing your Claim Form. If you lose, misplace, or need another Claim Form, you should contact the Settlement Administrator.

- 4 -

### B.     Excluding Yourself from the Settlement

**IMPORTANT:** If you believe you have an individual claim against GMRI pertaining to GMRI's failure to provide you with statutorily required reporting time pay or other claims as set forth in the above Lawsuit, you should consult with counsel and decide whether you want to participate in the settlement, or whether you wish to exclude yourself from the settlement so you may bring your own lawsuit.

If you do not wish to participate in the settlement, you may exclude yourself by completing the Request for Exclusion Form ("Exclusion Form") that is also enclosed. The Exclusion Form must be signed, dated, completed and returned by first class U.S. mail, or the equivalent, to:

>            GMRI, Inc. Settlement Administrator
>            c/o Simpluris, Inc.
>            3176 Pullman Street
>            Suite 123
>            Costa Mesa, CA  92626

The Exclusion Form must be received by the Settlement Administrator no later than _____, 2008, which is forty-five (45) days after the date of the initial mailing of the Exclusion Forms. The Exclusion Form must be sent by United States Postal Service first class mail or the equivalent. If an Exclusion Form is received more than forty-five (45) days after the initial mailing, it will be accepted as long as it bears a postmark that is no more than forty-five (45) days after the initial mailing of the Exclusion Form. Do not use a postage meter as that may not result in a postmark appearing on the envelope containing your Exclusion Form. If you lost, misplaced, or need another Exclusion Form, you should contact the Claims Administrator.

Any person who files a complete and timely Exclusion Form shall, upon receipt, no longer be a Settlement Class Member, shall be barred from participating in any portion of the settlement, and shall receive no benefits from the settlement.

Do not submit both the Claim Form and an Exclusion Form. If you submit both a Claim Form and an Exclusion Form, the Exclusion Form will be invalid, you will be included in the Settlement Class, and you will be bound by the terms of the settlement.

### C.     Objection to Settlement

You can object to the terms of the settlement before final approval. However, if the Court rejects your objection, you will still be bound by the terms of the settlement unless you have submitted a valid and timely Exclusion Form. To object, no later than _____, 2008 **[45 days after mailing Notice]**, you must file a written objection and a notice of intention to appear at the final approval hearing currently set for _____, 2008, at _____.m. in the Courtroom of the Hon. William B. Shubb, with the Clerk of the United States District Court, Eastern District of California, Sacramento Division, 501 I Street, No. 40200, Sacramento CA  95814, and send copies to the following:

- 5 -

CLASS COUNSEL

Phillip R. Poliner, Esq.
WESTRUP KLICK, LLP
444 West Ocean Boulevard, Suite 1614
Long Beach, CA 90802

GMRI's COUNSEL

Jan E. Eakins, Esq.
Paul, Hastings, Janofsky & Walker LLP
515 South Flower Street, 25th Floor
Los Angeles, California 90071

Any written objections shall state each specific reason in support of your objection and any legal support for each objection. Your objection also must state the case name and number, your full name, address, date of birth, and the dates of your employment as an Olive Garden server by GMRI. To be valid and effective, any objections to approval of the settlement must be filed with the Clerk of the Court and served upon each of the above-listed attorneys no later than _____, 2008. **[45 days after mailing Notice] DO NOT TELEPHONE THE COURT OR THE OFFICE OF THE CLERK FOR MORE INFORMATION REGARDING OBJECTIONS.**

If you choose to file an objection to the terms of this settlement, you may enter an appearance *in propria persona* (meaning you choose to represent yourself) or through your own attorney. To do so, you must file an Entry of Appearance with the Clerk of the United States District Court, Eastern District of California, Sacramento Division, and deliver copies to each of the attorneys listed above. Such entry of appearance must be filed with the Court and delivered to the above attorneys no later than _____, 2008 **[45 days after mailing Notice]**. You will then continue as a Settlement Class Member either *in propria persona* or with representation by your own attorney, and you will be solely responsible for the fees and costs of your own attorney.

**IF YOU INTEND TO OBJECT TO THE SETTLEMENT, BUT WISH TO RECEIVE YOUR SHARE OF THE SETTLEMENT FUNDS, YOU MUST TIMELY FILE A CLAIM FORM AS EXPLAINED ABOVE. IF THE COURT APPROVES THE SETTLEMENT DESPITE ANY OBJECTIONS, AND YOU DO NOT HAVE A CLAIM FORM ON FILE, YOU WILL NOT RECEIVE ANY SETTLEMENT PROCEEDS.**

Any Settlement Class Member who objects to this settlement must make himself or herself available upon reasonable notice for a deposition taken by the proponents of the settlement and/or to respond to written discovery, if any proponent of the settlement chooses to take such deposition or to propound written discovery.

## IV.    EFFECT OF THE SETTLEMENT

### A.    Released Rights and Claims

The settlement is intended to settle all claims against the Released Parties that Settlement Class Members have asserted or could have asserted in the Lawsuit regarding the alleged violations of wage and hour laws by GMRI relating to alleged failure to pay reporting time pay, including, without limitation, claims for unpaid compensation, the minimum wage, accurate itemized pay statements, waiting time penalties, wage statement penalties, attorneys fees, and interest during the Covered Time Frame.

If you were employed in a Covered Position at any time during the Covered Time Frame, and do not elect to exclude yourself from the Settlement Class, you will be deemed to have entered into this release and to have released the above-described claims even if you do not submit a Claim

- 6 -

Form. If the settlement is not approved by the Court or does not become final for some other reason, the Lawsuit may continue.

### B. Payment to Claimants

Your distribution from the Net Payment will be paid within thirty-five (35) days after the later of: (i) the Court's final approval of the settlement, or (ii) if there is any objection to the settlement, the final resolution of any appeal which has been filed.

## V. FINAL SETTLEMENT APPROVAL HEARING

The Court will hold a hearing in the Courtroom of the Hon. William B. Shubb of the United States District Court, Eastern District of California, Sacramento Division, 501 I Street, No. 40200, Sacramento CA 95814, on _____, 2008, at ___ __.m., to determine whether the settlement should be finally approved as fair, reasonable, and adequate. The Court also will be asked to rule on Class Counsel's request for attorneys' fees and reimbursement of documented costs and expenses and the service payment to the Class Representative. Class Counsel's application for attorneys' fees and reimbursement of costs and expenses will be on file with the Court no later than _____, 2008 **[31 days prior to the final approval hearing]**, and will be available for review after that date.

The hearing may be continued without further notice to the Settlement Class. **It is not necessary for you to appear at this hearing unless you have timely filed an objection with the Court.**

## VI. ADDITIONAL INFORMATION

The above is a summary of the basic terms of the settlement. For the precise terms and conditions of the settlement, you should consult the detailed "Stipulation of Settlement and Release" which is on file with the Clerk of the Court. The pleadings and other records in the Lawsuit may be examined at any time during regular business hours at the Office of the Clerk of the Clerk of the United States District Court, Eastern District of California, Sacramento Division, 501 I Street, No. 40200, Sacramento CA 95814.

**PLEASE DO NOT TELEPHONE THE COURT OR THE OFFICE OF THE CLERK FOR INFORMATION REGARDING THIS SETTLEMENT OR THE CLAIM PROCESS.**

BY ORDER OF THE COURT.

LEGAL_US_W # 58724200.4

# Exhibit 2

## CLAIM FORM AND RELEASE
*DENISE ALBERTO V. GMRI, INC. dba OLIVE GARDEN*
United States District Court, Eastern District of California, Sacramento Division,
Case No. 2:07-CV-01895-WBS-DAD

**IF YOU WANT TO PARTICIPATE IN THIS SETTLEMENT, YOU MUST COMPLETE, SIGN AND MAIL THIS CLAIM FORM AND RELEASE BY FIRST CLASS U.S. MAIL OR EQUIVALENT, POSTAGE PAID, POSTMARKED ON OR BEFORE _____, 2008 [45 days after mailing]. Send the completed form to Simpluris, Inc., 3175 Pullman Street, Suite 123, Costa Mesa, CA 92626.**

### A.    Claimant Information.

Name (First, Middle, Last): _____     Social Security Number (last 4 digits only): _____

Former Names (if any): _____     Cell or Work Telephone Number: _____

Residence Street Address: _____     Home Telephone Number: _____

City, State and Zip Code: _____

### B.    Employment Information.

According to GMRI's records, you were employed as a server for a total of _____ months during the time period beginning August 3, 2003, and ending June 10, 2008. **NOTE: GMRI's records will control unless you provide documentation that establishes that GMRI's records are in error. If you dispute the above number of months worked, you must provide documentation (such as pay stubs) showing the actual months you worked as a server. If there is a dispute about the number of months you worked, the Parties will attempt to resolve the dispute, and if they cannot, the Settlement Administrator will make the final determination.**

### C.    Release of Claims.

By signing this Claim Form and Release below and accepting benefits under this settlement, I hereby fully and completely release and discharge GMRI, and any of its former and present parent companies, subsidiaries, and affiliates, and the officers, directors, employees, partners, representatives, shareholders, agents, attorneys, insurers, successors and assigns of all such entities ("Released Parties"), from any and all claims, rights, demands, debts, obligations, guarantees, liabilities, costs, expenses, attorneys' fees, damages, actions and causes of action of every nature and description, whether known or unknown, contained in or related to the Lawsuit, including claims for reporting time pay pursuant to Section 5 of Wage Order 5-2001, violation of Labor Code Sections 201 and 202 and/or penalties pursuant to Labor Code Section 203 (failure to pay timely wages), violation of Labor Code Section 1194 (minimum wages), violation of Labor Code Section 226 (accurate itemized statements), and California Business and Professions Code Section 17200 (unfair business practices) ("Released Claims") during the period from May 3, 2003 to and including June 10, 2008 ("Released Period").

### D.    Submission to the Jurisdiction of the Court.

I am submitting this Claim Form and Release under the terms of the settlement described in the Notice of Pendency of Class Action that I received. I submit to the jurisdiction of the United States District Court, Eastern District of California, Sacramento Division, with respect to my claim as a class member for purposes of enforcing the releases of claims set forth in the Stipulation of Settlement and this Claim Form. The full and precise terms of the settlement are contained in the Stipulation of Settlement filed with the Court, which was available for my review. I acknowledge that I am bound by and subject to the terms of any order of dismissal or judgment that may be entered in this class action.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the information in this Claim Form is true and correct, and that I have carefully read and agree to the releases and submission to jurisdiction as stated above.

X _____     _____
(Sign your name here)                                 Date

LEGAL_US_W # 58724723.4

# Exhibit 3

## REQUEST FOR EXCLUSION

*DENISE ALBERTO V. GMRI, INC. dba OLIVE GARDEN*
United States District Court, Eastern District of California, Sacramento Division,
Case No. 2:07-CV-01895-WBS-DAD

**ONLY COMPLETE THIS REQUEST FOR EXCLUSION FORM IF YOU WANT TO OPT OUT OF (NOT PARTICIPATE IN) THE SETTLEMENT** OF THE ABOVE REFERENCED ACTION. IF YOU OPT OUT OF THE SETTLEMENT, YOU WILL NOT RECEIVE ANY PORTION OF THE SETTLEMENT AMOUNT.

I confirm that I was employed by GMRI, Inc., and worked as a server at an Olive Garden restaurant in California for some or all of the time period beginning August 3, 2003, and ending June 10, 2008.

**I do not wish to receive compensation under the terms of the proposed class action settlement or to otherwise participate in the proposed settlement.**

Date:_____

Signature:_____

Print Name:_____

Residence Street Address:_____

City, State and Zip Code:_____

Social Security Number (last 4 digits only) _____

Cell or Work Telephone Number:_____

IN ORDER TO BE VALID, THIS REQUEST FOR EXCLUSION FORM MUST BE COMPLETED, SIGNED, MAILED BY FIRST CLASS MAIL, AND POSTMARKED ON OR BEFORE _____, 2008 [**45 days after mailing**]. Send the signed request for exclusion form to Settlement Administrator at:

> Simpluris, Inc.
> 3176 Pullman Street
> Suite 123
> Costa Mesa, CA 92626

# Exhibit B

## NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT AND HEARING DATE FOR COURT APPROVAL

### *DENISE ALBERTO V. GMRI, INC. dba OLIVE GARDEN*

**United States District Court, Eastern District of California, Sacramento Division, Case No. 2:07-CV-01895-WBS-DAD**

IF YOU WERE EMPLOYED AS A SERVER, INCLUDING A SERVER BREAKER, BY GMRI, INC. ("GMRI") AT ANY OLIVE GARDEN RESTAURANT IN CALIFORNIA AT ANY TIME FROM AUGUST 3, 2003, THROUGH JUNE 10, 2008, YOU ARE ELIGIBLE TO PARTICIPATE IN A SETTLEMENT.

THIS NOTICE INFORMS YOU THAT YOU MAY SUBMIT A PROOF OF CLAIM FORM AND RELEASE POSTMARKED ON OR BEFORE _____, 2008 **[45 days after mailing]**, IF YOU WANT TO RECEIVE A PORTION OF THE SETTLEMENT PAYMENT. THIS NOTICE ALSO INFORMS YOU THAT YOU MAY SUBMIT A REQUEST FOR EXCLUSION FORM IF YOU DO NOT WANT TO BE PART OF THE SETTLEMENT.

PLEASE READ THIS NOTICE CAREFULLY. THIS NOTICE RELATES TO A PROPOSED SETTLEMENT OF CLASS ACTION LITIGATION. IF YOU ARE A CLASS MEMBER, IT CONTAINS IMPORTANT INFORMATION AS TO YOUR RIGHT TO MAKE A CLAIM FOR PAYMENT OR TO ELECT NOT TO BE INCLUDED IN THE CLASS AS FURTHER DESCRIBED BELOW.

Pursuant to the order of the United States District Court, Eastern District of California, Sacramento Division, in *Denise Alberto v. GMRI, Inc. dba Olive Garden*, Case No. 2:07-CV-01895-WBS-DAD (the "Lawsuit") entered on _____, 2008 **[insert date of preliminary court approval]**, YOU ARE HEREBY NOTIFIED AS FOLLOWS: A settlement has been reached between the parties in the Lawsuit. The "Settlement Class" consists of employees of GMRI who were employed in Covered Positions during the Covered Time Frame. The Covered Positions are all servers, including server breakers, who worked for GMRI at any Olive Garden restaurants in California ("Covered Positions"). The Covered Time Frame is any time during the period beginning August 3, 2003, and ending on June 10, 2008 ("Covered Time Frame").

You have received this notice because GMRI's records indicate that you worked in a Covered Position within the Covered Time Frame. This notice is designed to advise you of how you can participate in this settlement and how you can be excluded from the settlement if you so choose.

## I. BACKGROUND OF THE CASE

This Lawsuit alleges, among other things, that servers at Olive Garden restaurants in California were not properly paid reporting time pay and/or failed to timely receive final wages as required by law. GMRI denies that it has done anything wrong, and denies that any class member has been injured or suffered damages. However, to avoid the expense, inconvenience and interference with its business operations, GMRI has concluded that it is in its best interests and the interests of the Settlement Class to settle the Lawsuit on the terms summarized in this Notice. After GMRI provided extensive information to counsel for the Settlement Class, the settlement was reach through arms-length negotiations between the parties with the assistance of a highly respected neutral mediator, David Rotman.

## II.   SUMMARY OF THE PROPOSED SETTLEMENT

### A.   Settlement Formula

The total settlement payment is seven hundred thousand dollars ($700,000) (the "Total Settlement Payment"). The following sums will first be paid from the Total Settlement Payment: (1) attorneys' fees not to exceed $150,000 and all documented litigation costs to Class Counsel, not to exceed $10,000, in amounts set by the Court; (2) a possible service payment to class representative Denise Alberto (the "Class Representative") not to exceed $5,000 for her services in the Lawsuit, in an amount set by the Court; (3) the employer portion of any payroll taxes, including FICA and FUTA, and (4) a reasonable amount to the Settlement Administrator to administer the settlement, not to exceed $70,000. The amount of the Total Settlement Payment remaining after these payments is called the "Net Payment."

Each Settlement Class Member who submits a timely, valid and approved claim form will be paid an amount to be determined, as follows:

"Individual Payment Amount" means the portion of the Net Payment distributable to each Settlement Class Member. The initial Individual Payment Amount will be calculated using a three-step process, as follows: (1) determining the "Total Work Months" by adding together all of the months worked by Settlement Class Members in Covered Position(s) during the Covered Time Frame; (2) dividing the Net Payment by the Total Work Months, which will yield the "Dollars per Work Month;" and (3) multiplying the number of months worked in Covered Position(s) during the Covered Time Frame by each Settlement Class Member by the Dollars per Work Month.

"Remainder" means the unclaimed portion of the Net Payment if fewer than all of the Settlement Class Members submit a timely and valid claim. If fewer than all Class Members submit claims, the Remainder will be divided among the Class Members who have submitted timely and valid claims ("Claimants") and added to their Individual Payment Amounts. The amount of the Remainder that will be added to the Individual Payment Amounts of each Claimant will be calculated using a three-step process as follows: (1) determining the "Claimants' Total Work Months" by adding together all the months worked in Covered Position(s) by Claimants only during the Covered Time Frame; (2) dividing the Remainder by the Claimants' Total Work Months, which will yield the "Remainder Dollars per Work Month"; and (3) multiplying the number of Individual Work Months of each Claimant by the Remainder Dollars per Work Month.

The Individual Payment Amounts will be reduced by legally required payroll deductions. The actual payment to a Settlement Class Member will depend on his or her Individual Work Months.

A Settlement Class Member may submit a claim or may elect not to participate in the settlement by timely filing a request for exclusion. Any Settlement Class Member who does neither of the above cannot participate in the monies paid out under the settlement and will still be bound by the terms of the settlement as to his or her claims, if this settlement is granted final approval the Court.

- 2 -

**B.    Qualified Claimant Defined**

Qualified claimants will include only those Settlement Class Members who timely submit a properly completed claim form that is signed under penalty of perjury.

**C.    Months Worked in a Covered Position Will Be Based on GMRI's Records**

For each Settlement Class Member, the months worked in Covered Position(s) during the Covered Time Frame by the Settlement Class Member will be calculated from GMRI's records. GMRI's records will be presumed determinative if there is a difference of opinion with respect to the period of time the Settlement Class Member worked in Covered Position(s) during the Covered Time Frame. A Settlement Class Member may submit evidence to support his or her claim that GMRI's records are in error. In such a case, the Parties will evaluate the evidence submitted by the Claimant and discuss in good faith how many Individual Work Months should be credited. If the Parties cannot agree, the Settlement Administrator will make the final determination.

**D.    Release**

Upon the final approval of the settlement by the Court, and except as to such rights or claims as may be created by this Stipulation of Settlement, the Settlement Class (other than those who timely file a request for exclusion) and each member of the Settlement Class, will fully release and discharge GMRI, and any of its former and present parent companies, subsidiaries, and affiliates, and the officers, directors, employees, partners, representatives, shareholders, agents, attorneys, insurers, successors and assigns of all such entities ("Released Parties"), from any and all claims, rights, demands, debts, obligations, guarantees, liabilities, costs, expenses, attorneys' fees, damages, actions and causes of action of every nature and description, whether known or unknown, contained in or related to the Lawsuit, including claims for reporting time pay pursuant to Section 5 of Wage Order 5-2001, violation of Labor Code Sections 201 and 202 and/or penalties pursuant to Labor Code Section 203 (failure to pay timely wages), violation of Labor Code Section 1194 (minimum wages), violation of Labor Code Section 226 (accurate itemized statements), and California Business and Professions Code Section 17200 (unfair business practices) ("Released Claims") during the period from May 3, 2003 to June 10, 2008 ("Released Period").

The above release of claims includes claims which a Settlement Class Member does not know or suspect to exist in his or her favor against the Released Parties as of June 10, 2008. Each Settlement Class Member waives all rights and benefits afforded by section 1542 of the California Civil Code as it relates to the Released Claims during the Released Period, and does so understanding the significance of that waiver. Section 1542 provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

- 3 -

### E.  Service Payment to the Class Representative

The Class Representative may be paid a service payment in an amount set by the Court, to be deducted from the Total Settlement Amount, for her service as Class Representative in an amount not to exceed $5,000.

### F.  Attorneys' Fees, Litigation Costs and Settlement Administration Costs

Class Counsel will receive an amount to be set by the Court, to be deducted from the Total Settlement Amount, for their attorneys' fees (not to exceed $150,000) and documented out-of-pocket costs and expenses incurred and to be incurred in prosecuting and settling the Lawsuit. The Settlement Administrator shall be paid its fees and other charges to administer the settlement as approved by the Court.

### G.  Reasonableness of Settlement

The Class Representative and Class Counsel support this settlement. Among the reasons for support are the defenses to liability potentially available to GMRI, the risk of denial of class certification, the inherent risk of trial on the merits, and the delays and uncertainties associated with litigation.

## III.  WHAT ARE YOUR RIGHTS AS A CLASS MEMBER?

### A.  Submitting a Claim

If you wish to submit a claim, you must complete, sign and date the enclosed Claim Form and Release ("Claim Form") and return it, by first class U.S. mail or the equivalent, to:

> GMRI, Inc. Settlement Administrator
> c/o Simpluris, Inc.
> 3176 Pullman Street
> Suite 123
> Costa Mesa, CA  92626

The Claim Form must be received by the above Settlement Administrator no later than _____, 2008, which is forty-five (45) days after the date of the initial mailing of the Claim Forms. The Claim Form must be sent by United States Postal Service first class mail or the equivalent. If a Claim Form is received more than forty-five (45) days after the initial mailing, it will be accepted as long as it bears a postmark that is no more than forty-five (45) days after the initial mailing of the Claim Form. Do not use a postage meter as that may not result in a postmark appearing on the envelope containing your Claim Form. If you lose, misplace, or need another Claim Form, you should contact the Settlement Administrator.

- 4 -

### B.      Excluding Yourself from the Settlement

**IMPORTANT:**  If you believe you have an individual claim against GMRI pertaining to
GMRI's failure to provide you with statutorily required reporting time pay or other claims as set
forth in the above Lawsuit, you should consult with counsel and decide whether you want to
participate in the settlement, or whether you wish to exclude yourself from the settlement so you
may bring your own lawsuit.

If you do not wish to participate in the settlement, you may exclude yourself by completing the
Request for Exclusion Form ("Exclusion Form") that is also enclosed.  The Exclusion Form must
be signed, dated, completed and returned by first class U.S. mail, or the equivalent, to:

> GMRI, Inc. Settlement Administrator
> c/o Simpluris, Inc.
> 3176 Pullman Street
> Suite 123
> Costa Mesa, CA  92626

The Exclusion Form must be received by the Settlement Administrator no later than
_____, 2008, which is forty-five (45) days after the date of the initial mailing of the
Exclusion Forms.  The Exclusion Form must be sent by United States Postal Service first class
mail or the equivalent.  If an Exclusion Form is received more than forty-five (45) days after the
initial mailing, it will be accepted as long as it bears a postmark that is no more than forty-five
(45) days after the initial mailing of the Exclusion Form.  Do not use a postage meter as that may
not result in a postmark appearing on the envelope containing your Exclusion Form.  If you lost,
misplaced, or need another Exclusion Form, you should contact the Claims Administrator.

Any person who files a complete and timely Exclusion Form shall, upon receipt, no longer be a
Settlement Class Member, shall be barred from participating in any portion of the settlement, and
shall receive no benefits from the settlement.

Do not submit both the Claim Form and an Exclusion Form.  If you submit both a Claim Form
and an Exclusion Form, the Exclusion Form will be invalid, you will be included in the
Settlement Class, and you will be bound by the terms of the settlement.

### C.      Objection to Settlement

You can object to the terms of the settlement before final approval.  However, if the Court rejects
your objection, you will still be bound by the terms of the settlement unless you have submitted a
valid and timely Exclusion Form.  To object, no later than _____, 2008 **[45 days after
mailing Notice]**, you must file a written objection and a notice of intention to appear at the final
approval hearing currently set for _____, 2008, at _____ ___.m. in the Courtroom
of the Hon. William B. Shubb, with the Clerk of the United States District Court, Eastern District
of California, Sacramento Division, 501 1 Street, No. 40200, Sacramento CA  95814, and send
copies to the following:

- 5 -

CLASS COUNSEL

Phillip R. Poliner, Esq.
WESTRUP KLICK, LLP
444 West Ocean Boulevard, Suite 1614
Long Beach, CA  90802

GMRI's COUNSEL

Jan E. Eakins, Esq.
Paul, Hastings, Janofsky & Walker LLP
515 South Flower Street, 25th Floor
Los Angeles, California 90071

Any written objections shall state each specific reason in support of your objection and any legal support for each objection. Your objection also must state the case name and number, your full name, address, date of birth, and the dates of your employment as an Olive Garden server by GMRI. To be valid and effective, any objections to approval of the settlement must be filed with the Clerk of the Court and served upon each of the above-listed attorneys no later than _____, 2008. **[45 days after mailing Notice] DO NOT TELEPHONE THE COURT OR THE OFFICE OF THE CLERK FOR MORE INFORMATION REGARDING OBJECTIONS.**

If you choose to file an objection to the terms of this settlement, you may enter an appearance *in propria persona* (meaning you choose to represent yourself) or through your own attorney. To do so, you must file an Entry of Appearance with the Clerk of the United States District Court, Eastern District of California, Sacramento Division, and deliver copies to each of the attorneys listed above. Such entry of appearance must be filed with the Court and delivered to the above attorneys no later than _____, 2008 **[45 days after mailing Notice]**. You will then continue as a Settlement Class Member either *in propria persona* or with representation by your own attorney, and you will be solely responsible for the fees and costs of your own attorney.

**IF YOU INTEND TO OBJECT TO THE SETTLEMENT, BUT WISH TO RECEIVE YOUR SHARE OF THE SETTLEMENT FUNDS, YOU MUST TIMELY FILE A CLAIM FORM AS EXPLAINED ABOVE. IF THE COURT APPROVES THE SETTLEMENT DESPITE ANY OBJECTIONS, AND YOU DO NOT HAVE A CLAIM FORM ON FILE, YOU WILL NOT RECEIVE ANY SETTLEMENT PROCEEDS.**

Any Settlement Class Member who objects to this settlement must make himself or herself available upon reasonable notice for a deposition taken by the proponents of the settlement and/or to respond to written discovery, if any proponent of the settlement chooses to take such deposition or to propound written discovery.

## IV.    EFFECT OF THE SETTLEMENT

### A.    Released Rights and Claims

The settlement is intended to settle all claims against the Released Parties that Settlement Class Members have asserted or could have asserted in the Lawsuit regarding the alleged violations of wage and hour laws by GMRI relating to alleged failure to pay reporting time pay, including, without limitation, claims for unpaid compensation, the minimum wage, accurate itemized pay statements, waiting time penalties, wage statement penalties, attorneys fees, and interest during the Covered Time Frame.

If you were employed in a Covered Position at any time during the Covered Time Frame, and do not elect to exclude yourself from the Settlement Class, you will be deemed to have entered into this release and to have released the above-described claims even if you do not submit a Claim

- 6 -

Form. If the settlement is not approved by the Court or does not become final for some other reason, the Lawsuit may continue.

### B.   Payment to Claimants

Your distribution from the Net Payment will be paid within thirty-five (35) days after the later of: (i) the Court's final approval of the settlement, or (ii) if there is any objection to the settlement, the final resolution of any appeal which has been filed.

## V.   FINAL SETTLEMENT APPROVAL HEARING

The Court will hold a hearing in the Courtroom of the Hon. William B. Shubb of the United States District Court, Eastern District of California, Sacramento Division, 501 I Street, No. 40200, Sacramento CA 95814, on _____, 2008, at ___ ___.m., to determine whether the settlement should be finally approved as fair, reasonable, and adequate. The Court also will be asked to rule on Class Counsel's request for attorneys' fees and reimbursement of documented costs and expenses and the service payment to the Class Representative. Class Counsel's application for attorneys' fees and reimbursement of costs and expenses will be on file with the Court no later than _____, 2008 **[31 days prior to the final approval hearing]**, and will be available for review after that date.

The hearing may be continued without further notice to the Settlement Class. **It is not necessary for you to appear at this hearing unless you have timely filed an objection with the Court.**

## VI.   ADDITIONAL INFORMATION

The above is a summary of the basic terms of the settlement. For the precise terms and conditions of the settlement, you should consult the detailed "Stipulation of Settlement and Release" which is on file with the Clerk of the Court. The pleadings and other records in the Lawsuit may be examined at any time during regular business hours at the Office of the Clerk of the Clerk of the United States District Court, Eastern District of California, Sacramento Division, 501 I Street, No. 40200, Sacramento CA 95814.

**PLEASE DO NOT TELEPHONE THE COURT OR THE OFFICE OF THE CLERK FOR INFORMATION REGARDING THIS SETTLEMENT OR THE CLAIM PROCESS.**

BY ORDER OF THE COURT.

- 7 -

LEGAL_US_W # 58724200.4

# Exhibit C

**CLAIM FORM AND RELEASE**
*DENISE ALBERTO V. GMRI, INC. dba OLIVE GARDEN*
United States District Court, Eastern District of California, Sacramento Division,
Case No. 2:07-CV-01895-WBS-DAD

**IF YOU WANT TO PARTICIPATE IN THIS SETTLEMENT, YOU MUST <u>COMPLETE</u>, <u>SIGN</u> AND <u>MAIL</u> THIS CLAIM FORM AND RELEASE BY FIRST CLASS U.S. MAIL OR EQUIVALENT, POSTAGE PAID, POSTMARKED ON OR BEFORE _____, 2008 [45 days after mailing]. Send the completed form to Simpluris, Inc., 3175 Pullman Street, Suite 123, Costa Mesa, CA 92626.**

### A.   Claimant Information.

Name (First, Middle, Last): _____     Social Security Number (last 4 digits only): _____

Former Names (if any): _____     Cell or Work Telephone Number: _____

Residence Street Address: _____     Home Telephone Number: _____

City, State and Zip Code: _____

### B.   Employment Information.

According to GMRI's records, you were employed as a server for a total of _____ months during the time period beginning August 3, 2003, and ending June 10, 2008. **NOTE: GMRI's records will control unless you provide documentation that establishes that GMRI's records are in error. If you dispute the above number of months worked, you must provide documentation (such as pay stubs) showing the actual months you worked as a server. If there is a dispute about the number of months you worked, the Parties will attempt to resolve the dispute, and if they cannot, the Settlement Administrator will make the final determination.**

### C.   Release of Claims.

By signing this Claim Form and Release below and accepting benefits under this settlement, I hereby fully and completely release and discharge GMRI, and any of its former and present parent companies, subsidiaries, and affiliates, and the officers, directors, employees, partners, representatives, shareholders, agents, attorneys, insurers, successors and assigns of all such entities ("Released Parties"), from any and all claims, rights, demands, debts, obligations, guarantees, liabilities, costs, expenses, attorneys' fees, damages, actions and causes of action of every nature and description, whether known or unknown, contained in or related to the Lawsuit, including claims for reporting time pay pursuant to Section 5 of Wage Order 5-2001, violation of Labor Code Sections 201 and 202 and/or penalties pursuant to Labor Code Section 203 (failure to pay timely wages), violation of Labor Code Section 1194 (minimum wages), violation of Labor Code Section 226 (accurate itemized statements), and California Business and Professions Code Section 17200 (unfair business practices) ("Released Claims") during the period from May 3, 2003 to and including June 10, 2008 ("Released Period").

### D.   Submission to the Jurisdiction of the Court.

I am submitting this Claim Form and Release under the terms of the settlement described in the Notice of Pendency of Class Action that I received. I submit to the jurisdiction of the United States District Court, Eastern District of California, Sacramento Division, with respect to my claim as a class member for purposes of enforcing the releases of claims set forth in the Stipulation of Settlement and this Claim Form. The full and precise terms of the settlement are contained in the Stipulation of Settlement filed with the Court, which was available for my review. I acknowledge that I am bound by and subject to the terms of any order of dismissal or judgment that may be entered in this class action.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the information in this Claim Form is true and correct, and that I have carefully read and agree to the releases and submission to jurisdiction as stated above.

X_____          _____
(Sign your name here)                        Date

LEGAL_US_W # 58724723.4

# Exhibit D

## REQUEST FOR EXCLUSION
*DENISE ALBERTO V. GMRI, INC. dba OLIVE GARDEN*
United States District Court, Eastern District of California, Sacramento Division,
Case No. 2:07-CV-01895-WBS-DAD

**ONLY COMPLETE THIS REQUEST FOR EXCLUSION FORM IF YOU WANT TO OPT OUT OF (NOT PARTICIPATE IN) THE SETTLEMENT** OF THE ABOVE REFERENCED ACTION. IF YOU OPT OUT OF THE SETTLEMENT, YOU WILL NOT RECEIVE ANY PORTION OF THE SETTLEMENT AMOUNT.

I confirm that I was employed by GMRI, Inc., and worked as a server at an Olive Garden restaurant in California for some or all of the time period beginning August 3, 2003, and ending June 10, 2008.

**I do not wish to receive compensation under the terms of the proposed class action settlement or to otherwise participate in the proposed settlement.**

Date:_____

Signature:_____

Print Name:_____

Residence Street Address:_____

City, State and Zip Code:_____

Social Security Number (last 4 digits only) _____

Cell or Work Telephone Number:_____

IN ORDER TO BE VALID, THIS REQUEST FOR EXCLUSION FORM MUST BE COMPLETED, SIGNED, MAILED BY FIRST CLASS MAIL, AND POSTMARKED ON OR BEFORE _____, 2008 [**45 days after mailing**]. Send the signed request for exclusion form to Settlement Administrator at:

  Simpluris, Inc.
  3176 Pullman Street
  Suite 123
  Costa Mesa, CA 92626

# Exhibit E

**TIME LINE**
**ALBERTO, ET AL. VS. GMRI DBA OLIVE GARDEN**

| TASK TO BE COMPLETED | TIME FRAME | DATE |
|---|---|---|
| File Motion for Preliminary Approval. | Pursuant to Local Rules 16-160 and 78-230. | 05/12/2008 |
| Defendant to give CAFA Notice. | Within 10 days after Settlement Agreement is filed. | 05/22/2008 |
| Request Telephonic Appearance. | Pursuant to Honorable Shubb's Civil Law and Motion Rules. | 06/16/2008 |
| Hearing on Motion for Preliminary Approval. | Pursuant to Local Rule 78-230 and Honorable Shubb's Civil Law and Motion Rules. | 06/23/2008 |
| Defendant shall provide Claims Administrator with Class Members' information and pay advance of $22,000 to Claims Administrator. | Within 15 business days after entry of the . Preliminary Approval Order. | 07/15/2008 |
| Claims Administrator shall mail Full Class Notice to Class Members. | Within 30 days after entry of the Preliminary Approval Order. | 07/23/2008 |
| Claims Administrator shall mail a Reminder Postcard to all Class Members who have not submitted a Claim Form or and Exclusion Form. | 20 days prior to deadline for submitting Claim Form. | 08/15/2008 |
| Final Approval Order may be entered. | 90 days after CAFA Notice. | 08/20/2008 |
| Class Members to submit Claim Form, Objection, and/or Request for Exclusion. | Within 45 days after mailing of Full Class Notice. | 09/06/2008 |
| Claims Administrator to file declaration confirming that the Full Class Notice has been mailed and submit a list of persons who have submitted Request for Exclusion. | Pursuant to Local Rule 78-230. | 09/26/2008 |
| File Motion for Final Approval. | Pursuant to Local Rule 78-230. | 09/26/2008 |
| Request Telephonic Appearance. | Pursuant to Honorable Shubb's Civil Law and Motion Rules. | 10/20/2008 |
| Hearing on Motion for Final Approval. | Pursuant to Local Rule 78-230 and Honorable Shubb's Civil Law and Motion Rules. | 10/27/2008 |
| Final Judicial Approval. | The later of (1) the expiration of the time for filing an appeal if there are any objections filed by any Class Member; (2) the conclusion of any appeal taken and/or petition for review filed if there are any objections filed by any Class Member; (3) the withdrawal of the last | 10/27/2008 |

| | objection to the Settlement; or (4) the entry of the Final Order and Judgment if there are no objections filed by any Class Member | |
|---|---|---|
| Defendant shall provide settlement funds to Claims Administrator. | Within 20 days after entry of the Final Approval Order. | 11/17/2008 |
| Claims Administrator shall mail settlement checks to Class Members who timely submitted a Claim Form. | Within 15 days after Defendant provides settlement funds. | 12/02/2008 |
| Payment of Class Representative Incentive Award and Attorneys fees and costs. | Within 15 days after Defendant provides settlement funds. | 12/02/2008 |