1   STEPHEN L. BERRY (SB# 101576)
    stephenberry@paulhastings.com
2   PAUL, HASTINGS, JANOFSKY & WALKER LLP
    695 Town Center Drive
3   Seventeenth Floor
    Costa Mesa, CA  92626-1924
4   Telephone:  (714) 683-6200
    Facsimile:  (714) 979-1921
5
    JAN E. EAKINS (SB# 100612)
6   janeakins@paulhastings.com
    PAUL, HASTINGS, JANOFSKY & WALKER LLP
7   515 South Flower Street
    Twenty-Fifth Floor
8   Los Angeles, CA  90071
    Telephone:  (213) 683-6000
9   Facsimile:  (213) 627-0705

10  Attorneys for Defendant
    GMRI, INC. dba OLIVE GARDEN
11

12              UNITED STATES DISTRICT COURT

13      EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

14

15  DENISE ALBERTO, individually and        CASE NO. 2:07-CV-01895-WBS-DAD
    on  behalf of all others similarly
16  situated,
                                            **STIPULATION RE UNPAID
17               Plaintiffs,                RESIDUAL TO BE DONATED TO
                                            CHARITY; [~~PROPOSED~~] ORDER**
18        vs.

19  GMRI, INC. dba OLIVE GARDEN,

20               Defendant.

21

22

23
            Plaintiff Denise Alberto ("Plaintiff") and Defendant GMRI, Inc.
24
    ("GMRI" or "Defendant"), acting by and through their respective counsel of record,
25
    enter into this stipulation based on the following facts:
26

27

28

LEGAL_US_W # 61215708.1                     STIPULATION RE UNPAID RESIDUAL;
                                                       [PROPOSED] ORDER

A.      On November 12, 2009, this Court granted final approval of the class action settlement in the above matter, and Judgment was entered on that date. Pursuant to the Memorandum and Order Re: Final Approval of Class Action Settlement dated November 12, 2008 ("Final Approval Order"), the Court "retain[ed] continuing jurisdiction over this action, the parties, and class members to determine all matters relating in any way to the Final Approval Order, the Preliminary Approval Order, or the Settlement Agreement.  *See* Final Approval Order ¶ 15.

B.      In accordance with the Final Approval Order, Defendant timely transferred the settlement funds and the Settlement Administrator timely mailed all individual settlement payments to the Settlement Class Members who made claims on December 4, 2009.  In accordance with the Settlement Administrator's recommended practice, these checks noted on their face that they were void after 90 days or on or about March 4, 2009.

C.      On or about February 23, 2009, the Settlement Administrator sent a reminder postcard to approximately 632 Settlement Class Members, advising them that they had not cashed their settlement check and that they needed to do so by March 4, 2009 or to contact the Settlement Administrator if they had not received or had lost their check so that it could be reissued.

D.      The parties were advised by the Settlement Administrator that, as of  March 6, 2009, approximately 90 days after the issuance of the settlement checks, 549 checks remained uncashed in the total amount of $ 17,369.53.  Prior to and after March 6, 2009, the Settlement Administrator received requests for 29 lost or misplaced checks to be reissued and has reissued 29 checks in the total amount of $1,166.70.  Checks issued after March 4, 2009 state on their face that they are

STIPULATION RE UNPAID RESIDUAL;
[PROPOSED] ORDER

1    void after 15 days.

2

3            E.      Neither the parties' Settlement Agreement nor the Court's Final

4    Approval Order addresses what should happen to any unpaid residual resulting

5    from uncashed settlement checks.  The recent decision in *Cundiff v. Verizon*

6    *California, Inc.*, 167 Cal. App. 4th 718 (2008), however, expressly provides that

7    uncashed and returned settlement checks fall within the meaning of "unpaid

8    residual" under California Civil Procedure Code Section 384, which provides that

9    such unpaid residuals in class action litigation should be paid to nonprofit

10   organizations that "will benefit the class or similarly situated persons" or for other

11   specific public interest purposes.

12

13           ACCORDINGLY, the parties hereby stipulate as follows:

14

15           1.      In response to any request by a Settlement Class Member made

16   on or before March 31, 2009, the Settlement Administrator shall reissue the

17   Settlement Class Member's uncashed settlement check.  Any such reissued

18   settlement check will state on its face that it is void after 15 days.   After March 31,

19   2009, no checks will be reissued by the Settlement Administrator.

20

21           2.      On April 30, 2009, the Settlement Administrator will pay the

22   residual amount of any uncashed settlement checks to Darden Dimes, a non-profit

23   Section 501(c)(3) charitable organization created to provide emergency financial

24   assistance during time of crisis to GMRI employees, many of whom are class

25   members in this action.

26

27

28

1    Dated:  March 11, 2009          PAUL, HASTINGS, JANOFSKY & WALKER LLP

2
                                     By:_____/s/ Jan E. Eakins_____
3                                               JAN E. EAKINS

4                                    Attorneys for Defendant
                                     GMRI, INC. dba OLIVE GARDEN
5
     Dated:  March 11, 2009          WESTRUP KLICK, LLP
6

7                                    By:_____/s/ Phillip R. Poliner_____
                                              PHILLIP R. POLINER
8
                                     Attorneys for Plaintiff
9                                    DENISE ALBERTO on behalf of herself and others
                                     similarly situated
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

<u>ORDER</u>

2

3

The Memorandum and Order Re:  Final Approval of Class Action

Settlement dated November 12, 2008, shall be modified to add the following

4

paragraphs:

5

6

7

1.      In response to any request by a Settlement Class Member made

on or before March 31, 2009, the Settlement Administrator shall reissue the

8

Settlement Class Member's uncashed settlement check.  Any such reissued

9

settlement check will state on its face that it is void after 15 days.   After March 31,

10

2009, no checks will be reissued by the Settlement Administrator.

11

12

13

2.      On April 30, 2009, the Settlement Administrator will pay the

residual amount of any uncashed settlement checks to Darden Dimes, a non-profit

14

Section 501(c)(3) charitable organization created to provide emergency financial

15

assistance during time of crisis to GMRI employees, many of whom are class

16

members in this action.

17

18

DATED:  March 12, 2009

19

20

21

WILLIAM B. SHUBB

22

UNITED STATES DISTRICT JUDGE

23

24

25

26

27

28

STIPULATION RE UNPAID RESIDUAL;
[PROPOSED] ORDER