STEPHEN L. BERRY (SB# 101576)
stephenberry@paulhastings.com
PAUL, HASTINGS, JANOFSKY & WALKER LLP
695 Town Center Drive
Seventeenth Floor
Costa Mesa, CA 92626-1924
Telephone: (714) 683-6200
Facsimile: (714) 979-1921

JAN E. EAKINS (SB# 100612)
janeakins@paulhastings.com
PAUL, HASTINGS, JANOFSKY & WALKER LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA 90071
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

Attorneys for Defendant
GMRI, INC. dba OLIVE GARDEN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| DENISE ALBERTO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GMRI, INC. dba OLIVE GARDEN,<br><br>Defendant. | CASE NO. 2:07-CV-01895-WBS-DAD<br><br>**STIPULATION RE UNPAID RESIDUAL TO BE DONATED TO CHARITY; [~~PROPOSED~~] ORDER** |

Plaintiff Denise Alberto ("Plaintiff") and Defendant GMRI, Inc. ("GMRI" or "Defendant"), acting by and through their respective counsel of record, enter into this stipulation based on the following facts:

A. On November 12, 2009, this Court granted final approval of the class action settlement in the above matter, and Judgment was entered on that date. Pursuant to the Memorandum and Order Re: Final Approval of Class Action Settlement dated November 12, 2008 ("Final Approval Order"), the Court "retain[ed] continuing jurisdiction over this action, the parties, and class members to determine all matters relating in any way to the Final Approval Order, the Preliminary Approval Order, or the Settlement Agreement. *See* Final Approval Order ¶ 15.

B. In accordance with the Final Approval Order, Defendant timely transferred the settlement funds and the Settlement Administrator timely mailed all individual settlement payments to the Settlement Class Members who made claims on December 4, 2009. In accordance with the Settlement Administrator's recommended practice, these checks noted on their face that they were void after 90 days or on or about March 4, 2009.

C. On or about February 23, 2009, the Settlement Administrator sent a reminder postcard to approximately 632 Settlement Class Members, advising them that they had not cashed their settlement check and that they needed to do so by March 4, 2009 or to contact the Settlement Administrator if they had not received or had lost their check so that it could be reissued.

D. The parties were advised by the Settlement Administrator that, as of March 6, 2009, approximately 90 days after the issuance of the settlement checks, 549 checks remained uncashed in the total amount of $ 17,369.53. Prior to and after March 6, 2009, the Settlement Administrator received requests for 29 lost or misplaced checks to be reissued and has reissued 29 checks in the total amount of $1,166.70. Checks issued after March 4, 2009 state on their face that they are

void after 15 days.

E. Neither the parties' Settlement Agreement nor the Court's Final Approval Order addresses what should happen to any unpaid residual resulting from uncashed settlement checks. The recent decision in *Cundiff v. Verizon California, Inc.*, 167 Cal. App. 4th 718 (2008), however, expressly provides that uncashed and returned settlement checks fall within the meaning of "unpaid residual" under California Civil Procedure Code Section 384, which provides that such unpaid residuals in class action litigation should be paid to nonprofit organizations that "will benefit the class or similarly situated persons" or for other specific public interest purposes.

ACCORDINGLY, the parties hereby stipulate as follows:

1. In response to any request by a Settlement Class Member made on or before March 31, 2009, the Settlement Administrator shall reissue the Settlement Class Member's uncashed settlement check. Any such reissued settlement check will state on its face that it is void after 15 days. After March 31, 2009, no checks will be reissued by the Settlement Administrator.

2. On April 30, 2009, the Settlement Administrator will pay the residual amount of any uncashed settlement checks to Darden Dimes, a non-profit Section 501(c)(3) charitable organization created to provide emergency financial assistance during time of crisis to GMRI employees, many of whom are class members in this action.

Dated: March 11, 2009         PAUL, HASTINGS, JANOFSKY & WALKER LLP

                              By:        /s/ Jan E. Eakins
                                          JAN E. EAKINS

                              Attorneys for Defendant
                              GMRI, INC. dba OLIVE GARDEN

Dated: March 11, 2009         WESTRUP KLICK, LLP

                              By:        /s/ Phillip R. Poliner
                                          PHILLIP R. POLINER

                              Attorneys for Plaintiff
                              DENISE ALBERTO on behalf of herself and others similarly situated

## ORDER

The Memorandum and Order Re: Final Approval of Class Action Settlement dated November 12, 2008, shall be modified to add the following paragraphs:

1.   In response to any request by a Settlement Class Member made on or before March 31, 2009, the Settlement Administrator shall reissue the Settlement Class Member's uncashed settlement check. Any such reissued settlement check will state on its face that it is void after 15 days. After March 31, 2009, no checks will be reissued by the Settlement Administrator.

2.   On April 30, 2009, the Settlement Administrator will pay the residual amount of any uncashed settlement checks to Darden Dimes, a non-profit Section 501(c)(3) charitable organization created to provide emergency financial assistance during time of crisis to GMRI employees, many of whom are class members in this action.

DATED: March 12, 2009

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE